## A98A1579. MOWERY v. THE STATE.
(507 SE2d 821)

SMITH, Judge.

David Mowery was charged by accusation with DUI, improper lane change, failure to maintain lane, and no proof of insurance. A jury found him guilty on all counts except improper lane change. He appeals from the judgment of conviction and sentence entered thereon. Finding no error, we affirm.

The record shows that Mowery was stopped by two Peachtree City police officers who observed the car he was driving making several abrupt lane changes without warning. Because four persons were in the car, Corporal Todd covered the passenger side and Officer Anderegg approached the driver's side. As Anderegg neared the driver, he informed Todd that he detected the odor of marijuana, and Todd also "immediately detected an odor of burnt marijuana coming from the interior of the vehicle." To make sure that the smell was not emanating from the vehicle but from the driver, the officers requested that the driver, Mowery, exit the vehicle. When he did so, they ascertained that the odor of marijuana was "coming from his breath and his person" as well. They told him why he was stopped and requested that he perform voluntary field sobriety tests. During those evaluations, Todd observed that Mowery's speech was slurred, his eyes were glassy and bloodshot, his movements were slow and lethargic, and he was unsteady on his feet. Todd testified that this behavior was consistent with Mowery's having smoked marijuana.

The officers' shift supervisor arrived at the scene and read Mowery his *Miranda* rights; he "agreed to discuss the incident." He admitted that he and his friends had smoked marijuana. He was then placed under arrest for DUI and read his implied consent rights. Mowery agreed to take State-administered blood and urine tests, and he was taken to a local hospital, where samples were taken. The blood test results were negative, but the urine test was positive for marijuana.

1. The State's motion to dismiss the appeal is denied.

2. Mowery contends the trial court abused its discretion in refus-

ing to exclude the blood and urine test results, his admission that he had smoked marijuana, and testimony based thereon. Mowery sought exclusion of this evidence through an oral motion in limine made after the jury was impaneled. The motion was made on the ground that the prosecution had not responded to Mowery's requests for copies of his statement, a witness list, and copies of the scientific reports. The trial court denied this motion, finding that Mowery's discovery requests were untimely. Mowery contends the trial court erred because OCGA §§ 17-16-21, 17-16-22, and 17-16-23 set no time limit for the accused to file requests for the discovery of witness lists, custodial statements, and scientific reports.

OCGA § 17-16-21 provides that the witness list is discoverable "on demand." OCGA §§ 17-16-22 and 17-16-23 both require that the requests for copies of custodial statements and scientific reports be made "within any reasonable period of time prior to trial." OCGA §§ 17-16-22 (a); 17-16-23 (b). The purpose of statutes such as these is to avoid surprise. *Byrd v. State*, 216 Ga. App. 510, 512-513 (4) (455 SE2d 318) (1995). But here, in making the motion in limine defense counsel was not seeking to avoid surprise or prepare for trial. The timing of his motion, which was made after the jury was sworn, demonstrates it was made as part of a strategy to ambush or trap the State. At the time counsel made the motion in limine, he actually had received all the requested material. Defense counsel refused the State's invitation to ask for a continuance, and he admitted waiting until after the jury was sworn because "the time to bring this, from a defense point of view, is after jeopardy is attached. It is not prior to it."

Counsel's conduct prior to trial supports the trial court's ruling that the discovery requests were untimely. This conduct included: failing to file a timely entry of appearance, as required by USCR 4.2 (3); filing numerous motions 11 or 12 days before trial, including discovery requests, notwithstanding having been retained many months before that date;[1] failing to appear at the call of the motions calendar at which those motions were to be heard; and arriving several hours late for trial, even after the trial court had his secretary call counsel to notify him personally to be there at 10:00 a.m. These actions and circumstances show that the discovery motions, although filed prior to trial, were not brought "within any reasonable time."

The law does not favor exclusionary rules; they hinder the search for truth. They apply only if the State fails altogether to furnish discovery material. If material is furnished late, the proper remedy may

---

[1] These motions were dismissed for failure to prosecute when, without the court's permission, counsel failed to appear at the call of the motions calendar. Technically, therefore, no discovery requests were outstanding at the time of trial.

be a continuance upon proper request by the accused. But this rests within the discretion of the trial court. *Wilburn v. State*, 199 Ga. App. 667, 669 (3) (405 SE2d 889) (1991). Given defense counsel's conduct, the fact that the material had been furnished to him, and his absolute refusal to ask for a continuance, the trial court did not abuse its discretion in denying the motion in limine.

3. Mowery contends that the urine test results should have been excluded because the Division of Forensic Sciences of the Georgia Bureau of Investigation had not established rules relating to testing urine in compliance with the Administrative Procedure Act (APA). See OCGA § 50-13-3. We note that pursuant to OCGA § 35-3-155, which became effective May 1, 1997, the APA does not apply to testing by the GBI's Division of Forensic Sciences. Mowery's argument that this Court should apply the APA because it was applicable when he was arrested has been decided adversely to him. See *Helmeci v. State*, 230 Ga. App. 866, 868 (498 SE2d 326) (1998). But even if we applied the APA, this Court has held that Mowery's contention about noncompliance is incorrect. *State v. Cooper*, 229 Ga. App. 97 (493 SE2d 1) (1997).

4. In view of our holding in Division 3, we need not address Mowery's remaining enumeration of error, in which he claims he was prohibited from cross-examining the State's forensic chemist in regard to whether the urine testing was done in compliance with the APA.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 5, 1998 —
RECONSIDERATION DENIED OCTOBER 20, 1998 — ■

*William H. Toler III*, for appellant.
*Steven L. Harris, Solicitor*, for appellee.