## A01A0090. DAUGHERTY v. THE STATE.
(546 SE2d 310)

MIKELL, Judge.

Lenard Rodney Daugherty was convicted of driving under the influence of alcohol by a Bibb County jury. On appeal, Daugherty contends that the trial court erred by admitting into evidence statements that he made at the scene and by denying his motion for directed verdict. We affirm.

"Where the evidence is uncontroverted and there is no issue as to witness credibility, . . . we review de novo the trial court's application of the law to the undisputed facts."[1]

The uncontroverted evidence presented at trial shows that on August 28, 1999, at approximately 1:30 a.m., Deputies David Vaughn and William Ferrell of the Bibb County Sheriff's Department noticed a vehicle speeding through an intersection. Deputy Ferrell testified that when they finally caught up with the vehicle, he noticed that the driver was driving very erratically. After the driver crossed the centerline and drove in the opposite lane, Deputy Ferrell turned on his blue lights to stop him.

Deputy Vaughn approached the driver, the vehicle's sole occupant, and requested his license and insurance card. Deputy Vaughn testified that the car had a strong smell of alcohol and that Daugherty admitted that he had been "drinking a lot." Deputy Vaughn, who was a trainee at the time, communicated this information to Deputy Ferrell. Deputy Ferrell then took control of the investigation.

---

[1] *State v. Becker*, 240 Ga. App. 267-268 (523 SE2d 98) (1999).

Deputy Ferrell approached Daugherty's vehicle from the driver's side and instructed him to exit the vehicle. Daugherty complied. When Deputy Ferrell asked Daugherty if a mechanical problem caused his erratic driving, Daugherty was nonresponsive. Deputy Ferrell then asked Daugherty where he was coming from, and Daugherty replied, "Whiskey Road," which Deputy Ferrell knew was a bar. During the time Deputy Ferrell questioned Daugherty, he smelled alcohol coming from Daugherty's person. Deputy Ferrell then decided to give Daugherty three field sobriety tests: the one-leg stand test, the walk and turn test, and the horizontal gaze nystagmus test.

Daugherty could not complete the one-leg stand test, which requires that he balance on one leg and count to fifteen. When asked to do the walk and turn test, Daugherty said that he did not want to participate after taking one or two steps. Deputy Ferrell testified that Daugherty's performance on the horizontal gaze nystagmus test indicated some level of intoxication. After administering the sobriety tests, Deputy Ferrell decided that Daugherty was probably under the influence and placed him under arrest for driving under the influence of alcohol.[2]

1. In his first enumeration of error, Daugherty argues that with the exception of his statement that he had too much to drink, the other statements he made to the deputies at the scene were not produced to his counsel pursuant to his OCGA § 17-16-22 demand; thus, the statements should have been excluded from evidence.

OCGA § 17-16-22 (a) provides: "At least ten days prior to the trial of the case, the defendant shall be entitled to have a copy of any statement given by the defendant while in police custody."[3] This requirement also applies to oral statements.[4] In this case, however, Daugherty was not in police custody when he made the statements he sought to exclude. "Roadside questioning during an accident scene investigation or after a routine traffic stop does not constitute a custodial situation."[5] Since Daugherty had not been formally arrested when he made the statements, he was not in police custody; there-

---

[2] Daugherty was also cited for failure to maintain a lane upon Lamar Road. Since the citation listed the wrong street as the place of the offense, however, the trial court entered a directed verdict for Daugherty on that offense.

[3] We note that the purpose of the criminal discovery statutes is to avoid surprise. *Mowery v. State*, 234 Ga. App. 801, 802 (2) (507 SE2d 821) (1998). Though the transcript of the motion to suppress hearing is not a part of the record, there are scant references to Deputy Ferrell's testimony at the hearing about the statements Daugherty sought to exclude at trial. Thus, it certainly appears that Daugherty could not have been surprised by the statements at trial.

[4] OCGA § 17-16-22 (b).

[5] (Citations and punctuation omitted.) *Knox v. State*, 216 Ga. App. 90, 91 (2) (453 SE2d 120) (1995).

fore, the state was not required to furnish the statements.[6] Accordingly, the trial court did not err in admitting the statements.

2. In his remaining enumeration of error, Daugherty argues that his motion for directed verdict should have been granted because he was not identified as the driver during the trial. This argument lacks merit.

On appeal from a denial of a motion for directed verdict, the applicable standard of review is that of *Jackson v. Virginia*,[7] whether a rational trier of fact could have found guilt beyond a reasonable doubt.[8] Deputy Vaughn testified that he was able to identify Daugherty by the picture on his driver's license. Furthermore, it is undisputed that Daugherty was the only person in his vehicle. Construed in favor of the verdict, a rational trier of fact could have found evidence that Daugherty was the driver of the vehicle and was guilty beyond a reasonable doubt.[9]

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 21, 2001.

*Virgil L. Brown & Associates, Eric D. Hearn*, for appellant.
*Otis L. Scarbary, Solicitor, Cynthia T. Adams, Assistant Solicitor*, for appellee.

---

[6] See id.; *Webb v. State*, 179 Ga. App. 101 (345 SE2d 648) (1986).
[7] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[8] See *Miller v. State*, 270 Ga. 741 (1) (512 SE2d 272) (1999).
[9] See generally *Dixon v. State*, 196 Ga. App. 15, 19 (10) (c) (395 SE2d 577) (1990) (contention that directed verdict was warranted because the defendant was never identified as the culprit was without merit where the defendant was identified as the driver of the automobile that the police stopped).