A04A0768. RUFF v. THE STATE.
(598 SE2d 362)

BLACKBURN, Presiding Judge.
Following a jury trial, Ricky Thomas Ruff appeals his conviction for interference with the lawful custody of a child, contending that the trial court erred by allowing certain witnesses to testify at trial who had been disclosed to him on the night before trial in contravention of

OCGA § 17-16-21.[1] For the reasons set forth below, we affirm.

The record shows that, on June 4, 2003, Ruff filed a motion for speedy trial, and his trial began on June 18, 2003. At the start of trial, Ruff complained that he had not received the State's updated witness list in a timely manner in accordance with OCGA § 17-16-21. As a result, Ruff asked the trial court to exclude the testimony of the newly disclosed witnesses.

In response to Ruff's motion, the trial court offered Ruff, if he wanted to request one, a continuance to prepare for the witnesses, which included an arresting officer, the victim, and her mother. In offering the continuance, the trial court ensured Ruff that he would be tried within the time required pursuant to his speedy trial demand. Ruff, however, strongly indicated that he did not want a continuance, that he was ready for trial, and that he would consider the trial court's ruling, despite its explicit statements otherwise, a denial of his motion for speedy trial.

It is settled that

> a defendant is obliged to request a continuance to cure any prejudice which may have resulted from the State's failure to comply with the requirements of the reciprocal discovery act. *State v. Dickerson.*[2] Under the circumstances, we hold that [Ruff] waived [his] right to assert error on appeal by [his knowing] failure to seek a continuance. *Jenkins v. State.*[3]

*Hayes v. State.*[4]

And, it must be remembered that

> [t]he law does not favor exclusionary rules; they hinder the search for truth. They apply only if the State fails altogether to furnish discovery material. If material is furnished late, the proper remedy may be a continuance upon proper request by the accused. But this rests within the discretion of the trial

---

[1] OCGA § 17-16-21 provides:
Prior to arraignment, every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation and, on demand, with a list of the witnesses on whose testimony the charge against such person is founded. Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses.

[2] *State v. Dickerson*, 273 Ga. 408, 411 (2) (542 SE2d 487) (2001).

[3] *Jenkins v. State*, 235 Ga. App. 547, 549 (3) (a) (510 SE2d 87) (1998).

[4] *Hayes v. State*, 249 Ga. App. 857, 863 (4) (549 SE2d 813) (2001).

court. *Wilburn v. State.*[5] Given defense counsel's conduct, the fact that the [witness list] had been furnished to him, and his absolute refusal to ask for a continuance, the trial court did not abuse its discretion in denying [his motion to exclude the testimony of the witnesses on the updated witness list].

*Mowery v. State.*[6]
*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MARCH 31, 2004 — 

*Benjamin A. Davis, Jr.,* for appellant.
*Barry E. Morgan, Solicitor-General, Bonnie D. Freaney, Assistant Solicitor-General,* for appellee.

---

[5] *Wilburn v. State,* 199 Ga. App. 667, 669 (3) (405 SE2d 889) (1991).
[6] *Mowery v. State,* 234 Ga. App. 801, 802-803 (2) (507 SE2d 821) (1998).