## S06A0259. GABRIEL v. THE STATE.
(626 SE2d 491)

THOMPSON, Justice.

Joseph Derek Gabriel was convicted by a jury of felony murder in connection with the shooting death of his girlfriend, Dana Brookshire.[1] On appeal, Gabriel challenges several evidentiary rulings of the trial court, and asserts that he was entitled to a mistrial based on alleged prosecutorial misconduct. Finding no error, we affirm.

On the day in question, Brookshire had been moving her belongings into Gabriel's apartment. At 2:40 a.m., Gabriel called 911 and reported that his gun accidentally discharged and that his girlfriend had been shot. The police arrived to find Brookshire's body on the floor in a hallway outside the bedroom Gabriel had been occupying. She had been killed by a single gunshot wound to the chest. Gabriel told the responding officer that he shot Brookshire by accident. He stated that the two had argued earlier in the evening and that she then went out for a walk. He claimed that he went to sleep early with his Ruger .45 caliber semi-automatic pistol beside his bed. He was later awakened by a banging noise on his bedroom door, and he grabbed his gun. Upon hearing the door opening, he said "stop, stop" and then fired one shot. At trial, Gabriel testified that he did not shoot the gun accidentally; rather he shot blindly, intending to stop the person entering his room.

1. The evidence was sufficient for a rational trier of fact to have found Gabriel guilty beyond a reasonable doubt of felony murder while in the commission of an aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. It is asserted that the trial court erred in admitting into evidence two statements Gabriel made to the police prior to receiving *Miranda* warnings. At a *Jackson v. Denno* hearing, the State established that the first statement was an initial inquiry at the scene. Thereafter, Gabriel was asked whether he would go to the sheriff's office, and he voluntarily agreed. He was neither handcuffed, arrested, nor booked through the detention area. An officer explained to Gabriel that he was not under arrest and was free to leave. At this point no investigation had yet been conducted. After Gabriel made this statement, he offered to remain at the station while the officer

---

[1] The crime occurred on November 23, 2003. An indictment was returned in the October 2003 term, charging Gabriel with malice murder and felony murder predicated on aggravated assault. Trial commenced on November 29, 2004, and on December 1, 2004, a jury found Gabriel guilty of felony murder. Gabriel was sentenced on December 3, 2004 to life imprisonment. A motion for new trial was filed on December 21, 2004, and amended on June 20, 2005. The motion was denied on September 8, 2005. A notice of appeal was filed on September 27, 2005. The case was docketed in this Court on October 12, 2005, and was submitted for a decision on briefs on December 5, 2005.

returned to the scene. We hold that Gabriel was not in custody for purposes of *Miranda*, and that his statements were properly admitted into evidence. See *Jackson v. State*, 272 Ga. 191 (3) (528 SE2d 232) (2000).

3. Deputy Thomas, who was among the first officers to arrive at the scene of the shooting, testified at trial that Gabriel showed him the location of the weapon which was on the floor in a bedroom near the head of his mattress. The officer also observed a magazine and spent shell casing on the floor beside the weapon. Deputy Thomas secured the weapon and placed it in an evidence bag along with the magazine and shell casing.

During cross-examination, Deputy Thomas was asked whether he photographed those items as they were positioned in the bedroom. He responded that he took some photographs using a camera that he borrowed from an EMT at the scene, and that he (Deputy Thomas), in turn, gave the film to Investigator Scoggins who arrived on the scene later. Investigator Scoggins did not testify at trial.

After the defense concluded its cross-examination of Deputy Thomas, Gabriel moved for a mistrial, arguing in essence, that the failure to furnish the photographs was in violation of the reciprocal discovery requirements of the Georgia Criminal Procedure Discovery Act, OCGA § 17-16-1 et seq. The prosecutor responded that he had no knowledge of the film. The court denied the motion for mistrial, observing that if the State neither possessed the photographs nor knew of their existence, it cannot be required to disclose them. Nonetheless, the defense requested that the State attempt to locate the photographs over the lunch break. Later in the proceedings, it was noted that the State had developed all exposed film in its possession and was unable to find any such photographs.

At a hearing on the motion for new trial, Gabriel called as witnesses, Deputy Thomas, Investigator Scoggins, and the EMT who provided the camera at the crime scene. Deputy Thomas reiterated his trial testimony concerning the film; the EMT testified that he loaned his camera to Deputy Thomas and then handed the exposed film either to Thomas or Scoggins; Investigator Scoggins testified that he had no recollection of having received a roll of film at the crime scene. On appeal, Gabriel argues that had he known of the photographs prior to trial, he could have challenged the credibility of the investigating officers who gave conflicting evidence at the motion for new trial.

Although the issue is couched on appeal in terms of prosecutorial misconduct, the motion for mistrial asserted at trial was in the nature

of a discovery violation.[2] Upon learning of the possible existence of the film, Gabriel could have requested a continuance, and could have subpoenaed Investigator Scoggins at trial; he did neither. "Generally a defendant has a duty to request a continuance to cure any prejudice which may have resulted from the State's failure to comply with the requirements of OCGA § 17-16-1 et seq." *State v. Dickerson*, 273 Ga. 408, 411 (2) (542 SE2d 487) (2001). See also *Morris v. State*, 268 Ga. App. 325 (1) (601 SE2d 804) (2004); *Ruff v. State*, 266 Ga. App. 694 (598 SE2d 362) (2004).

In addition, by Gabriel's own admission, he placed the gun on the floor after the shooting, and there was no dispute at trial as to the location of the weapon after the shooting. Since the location of the gun when photographed had no bearing on its location when the shot was fired, a photograph would have added nothing.

Accordingly, we find no abuse of the trial court's discretion in refusing to grant a mistrial. See generally *Agee v. State*, 279 Ga. 774 (4) (621 SE2d 434) (2005).

4. Gabriel also asserts the trial court violated OCGA § 17-16-8 (a) of the Criminal Procedure Discovery Act, by allowing the State to call a witness whose name had not been furnished to the defense prior to trial. Although OCGA § 17-16-8 (a) requires the prosecuting attorney to furnish to the defense not later than ten days prior to trial, the names and other identifying information of the State's trial witnesses, the court may "for good cause" allow an exception to that requirement "in which event the [defense] shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify." Id.

In the present case, the State asked the investigating officer to identify certain handwritten letters attributed to the victim, which had been collected from Gabriel's apartment. The defense objected on the ground that the State had not authenticated Brookshire's handwriting on the documents. Later in the day, the court notified the parties that the State had located a witness who would testify for the sole purpose of authenticating the handwriting, and the court offered the defense the opportunity to interview the witness. On the next day of trial, the State called the victim's cousin who identified the handwriting as Brookshire's. The letters were admitted over Gabriel's objection that OCGA § 17-16-8 (a) had been violated.

At no time did Gabriel request a continuance to investigate the matter, nor did he avail himself of the court's invitation to voir dire or cross-examine the witness. Under the circumstances, we find no

---

[2] We note that there was absolutely no showing of bad faith with regard to the failure to preserve evidence. See *Hannah v. State*, 278 Ga. 195 (3) (599 SE2d 177) (2004).

abuse of the court's discretion in allowing the witness to testify. *Dickerson*, supra at 411 (2).

5. In his final enumeration of error, Gabriel asserts that the trial court erred in denying his requests to charge on mistake of fact and self-defense. See OCGA §§ 16-3-5; 16-3-21. He claims these charges were authorized because he knew that the victim had left the residence; thus, he mistakenly believed that she was not there when he fired the gun. Also, he was aware of a recent break-in in his neighbor's apartment, and the darkness prevented him from assessing the identity of his target; therefore, he fired in self-defense.

By Gabriel's own admission at trial, he could not see anything when he fired his pistol; he "just shot blindly" at an unidentified noise. Thus,

> any mistake on [Gabriel's] part as to the identity of his intended target was solely the result of his own failure to identify the source of the noise before he fired. . . . [I]gnorance or mistake of fact constitutes a defense to a criminal charge only if it is not superinduced by the fault or negligence of the party doing the wrongful act.

(Punctuation omitted.) *Crawford v. State*, 267 Ga. 543, 544 (2) (480 SE2d 573) (1997). It follows that a charge on mistake of fact under OCGA § 16-3-5 was not authorized. Id.

Our review of the record shows that the court gave a complete charge on justification, much of which is in the language requested by Gabriel. Therefore, there is no merit to the assertion that the court's charge on self-defense was deficient.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 2006.

*Joel N. Shiver*, for appellant.

*Robert W. Lavender*, District Attorney, *Thurbert E. Baker*, Attorney General, *Vonnetta L. Benjamin*, Assistant Attorney General, for appellee.