A06A1296. BRASWELL v. THE STATE.
(636 SE2d 689)

SMITH, Presiding Judge.

Charles K. Braswell was found guilty by a jury on two counts of DUI, violation of the open container law, and underage possession of alcohol. His motion for new trial was denied, and he appeals, asserting two enumerations of error. Finding no merit in either of Braswell's contentions, we affirm.

1. Braswell first contends the trial court erred in admitting the inspection certificates for the Intoxilyzer 5000, contending they are inadmissible hearsay. As Braswell concedes, this court has ruled to the contrary in *Rackoff v. State*, 275 Ga. App. 737, 740-741 (2) (621 SE2d 841) (2005). See also *Pierce v. State*, 278 Ga. App. 162, 165 (628 SE2d 235) (2006). As Braswell also notes, *Rackoff's* petition for certiorari was granted and that case is now pending before the Georgia Supreme Court. But the case before us must be decided by December 1, 2006 (Ga. Const. 1983, Art. VI, Sec. IX, Par. II; OCGA §§ 15-2-4 (b), (c); 15-3-2), and the Supreme Court will not necessarily

have rendered its decision in *Rackoff* before then. Unless and until the Supreme Court reverses it, this court's decision in *Rackoff* is good law.

Moreover, the submission of an inspection certificate is not the only method by which the reliability of the Intoxilyzer 5000 may be proved. In *Gidey v. State*, 228 Ga. App. 250 (491 SE2d 406) (1997), we held that "substantial statutory compliance with OCGA § 40-6-392 (a) (1) (A) can be established by circumstantial evidence arising from the testimony of the trained and certified individual who operated the machine and performed the test." (Citation and punctuation omitted.) Id. at 252 (1).

Here, the officer who administered the test to Braswell testified that he had been trained by the Georgia Bureau of Investigation in the use of the Intoxilyzer 5000 and received a certificate of training which was admitted without objection. He had conducted tests on the machine both before and after the date of Braswell's test, and it appeared to be functioning properly when he tested Braswell. It had no parts missing that he could see and appeared to be in good working order. The machine went through a battery of self-diagnostic tests and revealed no problems. Nothing at all was unusual or irregular about this machine at the time of Braswell's test. The officer followed the prescribed process in administering the test to Braswell. In addition, he conducted two tests of Braswell's breath, and both tests returned almost identical results, "which is some evidence the machine was producing consistent test results." *State v. Rackoff*, 264 Ga. App. 506, 508 (591 SE2d 379) (2003). The officer's testimony provided sufficient grounds for admission of the Intoxilyzer 5000 results independent of the inspection certificates. *Gidey*, supra, 228 Ga. App. at 252 (1).

2. Braswell also contends that the trial court erred in failing to exclude evidence of his breath test results because the State failed to comply with the discovery provisions of OCGA § 17-16-23 (b). That Code section provides:

In all criminal trials the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal. The request for a copy of any written scientific reports shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. If such written request is not made at arraignment, it shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial. If the scientific report is in the possession of or

available to the prosecuting attorney, the prosecuting attorney must comply with this Code section at least ten days prior to the trial of the case.

"The purpose of statutes such as these is to avoid surprise. [Cit.]" *Mowery v. State*, 234 Ga. App. 801, 802 (2) (507 SE2d 821) (1998) (construing OCGA §§ 17-16-21, 17-16-22, and 17-16-23). Here, as in *Mowery*, the material had already been furnished to defense counsel. Two months before Braswell's trial, at the hearing on his motion to suppress, the State introduced into evidence all the documents pertaining to Braswell's breath test, including the implied consent notice, the operator's permit, the Intoxilyzer 5000 inspection certificates, and the printout of Braswell's test results. Braswell's counsel, who was also his counsel at trial, cross-examined the officer with regard to the breath test and the inspection certificates, raising and arguing at great length the same objections that he later raised at trial and on appeal. With respect to the test results, counsel was asked if he had any objection to the admission of the printout and responded, "No objection for the purposes of this hearing, Your Honor." At the end of that hearing the trial court asked counsel if any other matters remained for resolution, and Braswell's counsel did not respond. At trial, however, Braswell's counsel moved to exclude all scientific reports in the case as soon as the jury was sworn. He did not, however, move for a continuance to inspect the documents.

"The law does not favor exclusionary rules; they hinder the search for truth." *Mowery*, supra, 234 Ga. App. at 802. As in *Mowery*, Braswell's "counsel was not seeking to avoid surprise or prepare for trial. The timing of his motion, which was made after the jury was sworn, demonstrates it was made as part of a strategy to ambush or trap the State." Id. In view of the conduct of Braswell's counsel, the earlier availability of the documents, and his failure to request a continuance, the trial court did not abuse its discretion in refusing to exclude the test results. Id. at 803.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 7, 2006.

*Daniels & Rothman, Jeffery A. Rothman*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.