## A10A1515. MAJOR v. THE STATE.
(702 SE2d 684)

ADAMS, Judge.

Dalthan Major appeals his conviction and sentence for driving under the influence of alcohol. He contends the trial court erred by overruling his objection to the State presenting witnesses who were not listed on the State's witness list.

The record shows that on January 21, 2009, Major was issued a citation for driving under the influence. The related incident report listed Miguel Arroyo and George Poole as witnesses and listed J. K. Leming and M. H. Archer as the reporting officers. On February 25, Major demanded a complete list of witnesses pursuant to OCGA § 17-16-21. On April 1, the State presented a list of witnesses who would be testifying at trial; it listed "Jason" Poole, Mike Archer, and J. Leming. On April 8, Major filed an objection to any witness testifying whose name did not appear on the witness list.

On August 24, 2009 a jury was empaneled and sworn in. When the State called Arroyo as its first witness, Major objected on the ground that his name was not on the State's witness list. After confirming the facts, the court agreed that Arroyo could not testify and then asked the State to call the next witness.

The State called "George Poole" to the stand. Major again objected on the ground that the witness list identified "Jason Poole," who, it turned out, was a different officer. The court then began to consider options on "how we get around the requirement that a person be actually listed on the list of witnesses that is supplied to the defendant unless it's newly discovered evidence or something that the State would not have had access to." The State suggested Major could be given an opportunity to interview the witnesses or given a continuance or a mistrial, and the State would not oppose any remedy. The court indicated that the witnesses would be allowed to testify, and it offered Major a day to speak with the actual witnesses. Major responded that he stood by his objection. The court then asked "Well, how much time would you want?" Major replied, "I would think at least 30 days to. . . ." The court agreed to a continuance of 30 days to allow Major to speak to the witnesses; the jury that had been seated would return to hear the matter. Major subsequently continued to protest and stated that "it's our position that we should go forward today with the witnesses being excluded." On September 28, 2009, the trial resumed and Major was eventually convicted.

On appeal, Major contends that under OCGA § 17-16-21, he should have been tried on August 24 with the witnesses excluded who were not on the State's list. We first find that Major agreed that a 30-day continuance would protect his rights, and a party "cannot claim error . . . where he himself committed or invited the error." (Punctuation omitted.) *Westmoreland v. State*, 192 Ga. App. 173, 176-177 (2) (b) (384 SE2d 249) (1989).

Second, Major's contention is controlled adversely to him by *Ruff. v. State*, 266 Ga. App. 694 (598 SE2d 362) (2004), cited with approval in *Gabriel v. State*, 280 Ga. 237, 239 (3) (626 SE2d 491) (2006). The Court in *Ruff* makes clear that the trial court has the discretion to grant a continuance under these circumstances and that a defendant is obligated to request one to cure any possible prejudice from the State's failure to comply with OCGA § 17-16-21. *Ruff*, 266 Ga. App. at 695.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 5, 2010 — 

*Benjamin A. Davis, Jr.*, for appellant.
*Barry E. Morgan, Solicitor-General, Carlton T. Hayes, Assistant Solicitor-General*, for appellee.