## A97A1832. BLACKWELL v. THE STATE.
### (496 SE2d 922)

SMITH, Judge.

Linton Blackwell appeals from the trial court's denial of his plea of former jeopardy. We conclude that the trial court correctly denied the plea because neither Blackwell's Fifth and Fourteenth Amendment rights under the United States Constitution nor his rights under OCGA §§ 16-1-7 (b) and 16-1-8 were violated. We therefore affirm the trial court's ruling.

Blackwell was arrested in June 1996 when the van he was driving crashed while being pursued by police after a robbery. He was issued a citation at the scene accusing him of fleeing to elude a police officer. OCGA § 40-6-395. In September 1996, Blackwell was indicted by a Fulton County Grand Jury for the offense of robbery. In November 1996, Blackwell pled guilty in the Traffic Court of Atlanta to the misdemeanor fleeing to elude charge, and he was fined $250. He then filed his plea of former jeopardy in the robbery case in the Superior Court of Fulton County in December 1996.

1. Blackwell's rights under the Fifth and Fourteenth Amendments to the United States Constitution were not violated by the denial of his plea because the *Blockburger* test was met and his prosecution for robbery therefore did not subject him to double jeopardy. "Under *Blockburger* [*v. United States*, 284 U. S. 299 (52 SC 180, 76 LE2d 306) (1932)], successively charged offenses are separate for purposes of double jeopardy only if proof of each offense requires proof of some element or fact which proof of the other does not. [Cit.]" *State v. Williams*, 214 Ga. App. 701, 702 (448 SE2d 700) (1994).

"A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . (1) [b]y use of force; . . . (2) [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another." OCGA § 16-8-40 (a). The indictment charged that Blackwell "did unlawfully, with intent to commit theft, by the use of force, take from the person and immediate presence of [the victim], $10,000.00 in money of value, and the property of the said [victim]." The offense of fleeing to elude is committed when the driver of a vehicle willfully

fails or refuses to bring the vehicle to a stop or otherwise flees or attempts "to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." OCGA § 40-6-395 (a). It is beyond reasonable question that these offenses involve wholly different elements and facts. Blackwell's actions in fleeing the officers form no part of the State's proof of his participation in the robbery, and his actions as a party to the crime of robbery are not related to the elements of proof of the crime of fleeing to elude.

2. The Georgia statutes pertaining to double jeopardy similarly offer no protection to Blackwell in this case.

(a) Georgia has codified the procedural aspect of double jeopardy in OCGA § 16-1-7 (b), which prohibits successive prosecutions "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court," except when crimes are ordered to be tried separately "in the interest of justice." OCGA § 16-1-7 (c). In *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987), the Supreme Court recognized the difficulties inherent in adopting a "constructive knowledge" test and declined to adopt it. Id. at 568. The protection afforded Blackwell under OCGA § 16-1-7 (b) therefore extends only to crimes " '*actually* known to the prosecuting officer *actually* handling the proceedings' " in traffic court. (Emphasis supplied.) Id. at 568-569. Here, the trial court correctly determined that Blackwell had presented no evidence that the traffic court solicitor knew about the robbery indictment at the time Blackwell's guilty plea was entered.

As best we can understand Blackwell's argument, he maintains that the traffic court solicitor must have known of the robbery because OCGA § 40-6-395 (b) (5) (A) refers to fleeing from a police officer in an attempt to escape arrest for a felony offense and the police report referred to Blackwell as fleeing from a robbery. This argument is flawed in several respects. First, knowledge of the police officers is not imputed to the prosecutor. *Anderson v. State*, 200 Ga. App. 530, 532 (408 SE2d 829) (1991). Second, Blackwell was not prosecuted under OCGA § 40-6-395 (b) (5) (A) but under OCGA § 40-6-395 (a). The offense defined in OCGA § 40-6-395 (b) (5) (A) is a felony, which could not have been prosecuted in traffic court. OCGA § 16-1-7 (b) offers Blackwell no protection under these circumstances.

(b) The applicable portion of OCGA § 16-1-8 (b) provides that "[a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) [r]esulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been

charged on the former prosecution . . ., or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution." In this case, we have already determined that each prosecution requires proof of facts "not required on the other prosecution." Moreover, Blackwell could not have been prosecuted in traffic court for the felony charge of robbery. OCGA § 16-1-8 (b) therefore offers Blackwell no protection from prosecution for robbery. The trial court did not err in denying Blackwell's plea of former jeopardy.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 16, 1998 

*Walter M. Henritze, Jr.,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney,* for appellee.