A99A1290. DODD v. THE STATE.
(522 SE2d 538)

SMITH, Judge.

Eddie Dodd appeals from the trial court's order denying his motion to dismiss his indictment based on double jeopardy grounds. We find no error, and we affirm.

This case arose after Tadd Burdick was stopped for a traffic violation in March 1998 by Corporal Eddie Gilmore, an officer with the City of Ellijay. Gilmore's investigation showed that the vehicle driven by Burdick was stolen, and Gilmore arrested Burdick. Burdick implicated Dodd in the theft charge and told Gilmore, as well as detectives with the Ellijay police department and the Gilmer County sheriff's office, that Dodd possessed a quantity of marijuana inside a particular room they were sharing at a certain motel and gave consent to

search the room. These officers found Dodd inside the motel room described by Burdick, and Dodd was arrested after one of the officers found a bag containing a substance appearing to be marijuana in a dresser drawer.

Dodd pled guilty in municipal court to the charge of possession of marijuana and was subsequently charged along with Burdick in superior court with two counts of theft by taking and one count each of theft by receiving, theft by disposing of stolen property, and theft by deception. Dodd filed a motion in autrefois convict alleging that the substance of the marijuana charge in municipal court was part of the same transaction for which he was charged in superior court and that to try him on any of the charges in the superior court indictment would constitute double jeopardy.

OCGA § 16-1-7 (b) provides that, with certain exceptions described in subsection (c) of the same Code section, "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." The "proper prosecuting officer" is not the arresting officer, as argued by Dodd. Instead, "the language of the statute clearly means the prosecuting attorney for the state; that is, the district attorney or his authorized assistants." (Citation and punctuation omitted.) *Zater v. State*, 197 Ga. App. 648, 649 (399 SE2d 222) (1990). See also *Blackwell v. State*, 232 Ga. App. 884, 885-886 (502 SE2d 774) (1998). Here, while the record shows that Officer Gilmore and perhaps other officers employed by the City of Ellijay and Gilmer County may have been aware of the existence of several potential violations, nothing in the record shows that the "district attorney or his authorized assistants" were aware of both the marijuana violation and the violations associated with the theft.[1] The trial court therefore did not err in denying Dodd's motion.

Cases relied upon by Dodd, *Grady v. Corbin*, 495 U. S. 508 (110 SC 2084, 109 LE2d 548) (1990) and *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932), do not apply in this case. *Grady v. Corbin* was overruled in *United States v. Dixon*, 509 U. S. 688 (113 SC 2849, 125 LE2d 556) (1993). See also *State v. Williams*, 214 Ga. App. 701, 702 (448 SE2d 700) (1994). And contrary to any argument by Dodd, the "*Blockburger* test" for determining whether double jeopardy provisions would bar a subsequent prosecution actually supports the trial court's ruling. "Under *Blockburger*[, supra], successively charged offenses are separate for purposes of double

---

[1] We note that in *Blackwell*, supra, 232 Ga. App. 884, similar issues were decided adversely to the defendant, who was represented by the same counsel who represents Dodd.

jeopardy only if proof of each offense requires proof of some element or fact which proof of the other does not." (Citations and punctuation omitted.) *Blackwell v. State*, 230 Ga. App. 611 (1) (496 SE2d 922) (1998). It is beyond question that the offenses charged against Dodd in the indictment did not require proof of the same elements involved in the marijuana offense. Consequently the trial court correctly refused to dismiss Dodd's indictment.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 14, 1999.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*Roger G. Queen, District Attorney, William W. Fincher III, Assistant District Attorney*, for appellee.