## S00G0646, S00G0696. THE STATE v. DICKERSON; and vice versa.
(542 SE2d 487)

THOMPSON, Justice.

These companion cases are before the Court from the grant of petitions for writ of certiorari to the Court of Appeals in *Dickerson v. State,* 241 Ga. App. 593 (526 SE2d 443) (1999), brought by both parties to the litigation. We are called upon to define the respective duties of the parties when a defendant facing felony charges elects to invoke reciprocal discovery under Georgia's Criminal Procedure Discovery Act, OCGA § 17-16-1 et seq. ("Act"). We informed the parties of our particular concern with the following questions:

---

[1] See OCGA § 36-72-14 (a).

(1) Whether the State is obligated under OCGA § 17-16-8 (a) to produce all the information listed in that Code section even when some of that information is not in its files.

(2) Whether a defendant who is not provided with all the information listed in OCGA § 17-16-8 (a) is under an obligation to request a continuance.

Rufus Joe Dickerson was indicted for rape. Dickerson made the pretrial election to proceed under the provisions of the Act, thereby imposing reciprocal disclosure of discovery upon both the State and the defense. See *State v. Lucious*, 271 Ga. 361 (1) (518 SE2d 677) (1999). Pursuant to OCGA § 17-16-8 (a),[1] the State furnished Dickerson with a list of witnesses it intended to call at trial. Several witnesses named on the list lacked information concerning their dates of birth. Dickerson filed a motion to compel discovery of the criminal history records of these witnesses, or their dates of birth, in sufficient time to request and receive that information from the Georgia Crime Information Center ("GCIC").[2] The trial court denied the motion and subsequent motion for reconsideration, ruling that the State could not be compelled to produce information not within its possession.

The defense contacted one of the listed witnesses in an attempt to obtain information concerning her criminal history; however, she refused to discuss the case. One business day prior to the commencement of trial, the witness furnished her date of birth to the defense. Although Dickerson used that information to request the witness' criminal history from the GCIC, he did not receive a response at the time the witness was called to testify for the State. Nevertheless, defense counsel proceeded with cross-examination; a continuance was not requested. A response to the GCIC request was received after the conclusion of trial. It revealed that the witness had been convicted of a crime of moral turpitude, a fact which Dickerson submits could have been used to impeach her testimony.

On appeal, the Court of Appeals held that the State has a duty to produce the information listed in OCGA § 17-16-8 (a); but that the

---

[1] OCGA § 17-16-8 (a) provides:

The prosecuting attorney, not later than ten days before trial, and the defendant's attorney, within ten days after compliance by the prosecuting attorney but no later than five days prior to trial, or as otherwise ordered by the court, shall furnish to the opposing counsel as an officer of the court, in confidence, the names, current locations, dates of birth, and telephone numbers of that party's witnesses, unless for good cause the judge allows an exception to this requirement, in which event the counsel shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify.

[2] Under OCGA § 35-3-34 (2) (A), a defendant in a criminal prosecution is entitled to obtain the criminal history records of witnesses from the GCIC; however, the request must include appropriate "identifying information," such as date of birth.

defense in this case waived its right to assert error on appeal by failing to request a continuance during trial. We granted cross-petitions for review brought by the parties. We affirm both rulings.

1. When a defendant opts into reciprocal discovery under the Act, OCGA § 17-16-8 (a) requires that the prosecuting attorney "shall" furnish to defense counsel "not later than ten days before trial . . . the names, current locations, dates of birth, and telephone numbers of [the State's] witnesses." The obligation then becomes reciprocal — the defendant's attorney is required to furnish the same information within a specified time period. Id. The requirement is excused only "for good cause" shown. Id.

The purpose of the Act is to establish

> a closely symmetrical scheme of discovery in criminal cases that maximizes the presentation of reliable evidence, minimizes the risk that a judgment will be predicated on incomplete or misleading evidence, and fosters fairness and efficiency in criminal proceedings.

*Lucious*, supra at 363. Any imbalance is to favor the defendant. Id.

Consistent with those objectives and recognizing that OCGA § 17-16-8 (a) is written in mandatory language, we hold that a party charged with producing the statutorily required information may not rest solely on the fact that it is not within their possession. Instead, the statute imposes an affirmative duty on the producing party to attempt to acquire the information. Otherwise, a defendant who invokes the provisions of the Act is afforded an empty right. If, after a diligent effort to obtain the information, a party has demonstrated an inability to do so, the trial court is authorized to exercise its discretion in deciding whether good cause has been shown for nondisclosure and in fashioning a remedy under OCGA § 17-16-6.[3] See also *White v. State*, 271 Ga. 130 (3) (518 SE2d 113) (1999). Both the obligations under § 17-16-8 (a) and the sanctions and remedies under § 17-16-6, are mutually imposed. Therefore, the State may seek the same remedy as the defense for nondisclosure. See *Thompson v. State*, 237 Ga. App. 466 (3) (517 SE2d 339) (1999) (where defense

---

[3] OCGA § 17-16-6 provides remedies and sanctions which may be imposed in the exercise of the trial court's discretion for noncompliance with OCGA § 17-16-8 (a). Specifically, upon a showing by either party that the opposing counsel

> has failed to comply with the requirements of this article, the court may order [opposing counsel] to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit [opposing counsel] from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

failed to provide information required under OCGA § 17-16-8 (a) and nondisclosure was prejudicial to the State, the court did not abuse its discretion in excluding the defense witness). Compare *Hill v. State*, 232 Ga. App. 561 (502 SE2d 505) (1998) (absent a showing of prejudice to the State, exclusion of a defense witness resulting from violations of OCGA § 17-16-8 (a) was an abuse of discretion).

As was aptly stated in the concurring opinion of the Court of Appeals, *Dickerson*, supra, Blackburn, P. J., concurring at p. 599:

> As the statute obligates the State to give the [specified] information to the defendant, it has a duty to attempt to obtain the information about its witnesses. The State cannot fulfill its obligation by simply looking in its file. The statute clearly requires the parties to provide four pieces of information, and only in the rarest of circumstances should the information truly be unavailable. . . . That burden is the cost to the parties of receiving the benefits of the discovery process. The legislature intended for both sides to comply with the law, and the statute contemplates a reasonable effort by both sides to meet their statutory obligations.

"If compliance can be so easily avoided, the discovery statute is rendered meaningless." Id. at 598.

2. Generally a defendant has a duty to request a continuance to cure any prejudice which may have resulted from the State's failure to comply with the requirements of OCGA § 17-16-1 et seq. See *Franklin v. State*, 224 Ga. App. 578 (2) (481 SE2d 852) (1997); *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997). And if the defendant has demonstrated that he used due diligence, the trial court is authorized to grant the request. OCGA § 17-8-20.

Had Dickerson requested and obtained a continuance until such time as he received a response from the GCIC, any potential prejudice could have been cured. See *Knight v. State*, 271 Ga. 557 (3) (521 SE2d 819) (1999); *White*, supra. Under the circumstances, we agree with the Court of Appeals that Dickerson waived the right to assert error on appeal by his failure to seek a continuance. See generally *Watts v. State*, 265 Ga. 888 (2) (463 SE2d 696) (1995) (defendant procedurally barred from complaining of failure to order a continuance where no motion therefor was made); *Jenkins v. State*, 235 Ga. App. 547 (3) (a) (510 SE2d 87) (1998) (failure to move for continuance precludes defendant from asserting he was not afforded ample time to investigate admissibility of evidence).

But even accepting Dickerson's argument that a request for a continuance would have been fruitless in light of the court's repeated refusal to grant relief prior to trial, because of the overwhelming evi-

dence of guilt we find it highly probable that any error did not contribute to the verdict. In addition, because the witness testified to nothing which would have inculpated Dickerson in the crime, and her testimony was merely cumulative of that of other trial witnesses, Dickerson failed to show that he was harmed by the absence of impeaching evidence. See generally *Kirkland v. State*, 271 Ga. 217 (3) (518 SE2d 687) (1999); *Laney v. State*, 271 Ga. 194 (8) (515 SE2d 610) (1999).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 5, 2001.

*Daniel J. Porter, District Attorney, Donald Geary, Assistant District Attorney,* for appellant.

*Chandler & Britt, Walter M. Britt, Deborah F. Weiss,* for appellee.

*Daniel J. Craig, Kenneth B. Hodges III, District Attorneys, Joseph F. Burford,* amici curiae.