A01A2064. RATLEDGE v. THE STATE.
(557 SE2d 458)

MILLER, Judge.

Joseph Ratledge appeals from his convictions on two counts of cruelty to children. He contends that (1) the evidence was insufficient to sustain his conviction, (2) the trial court erred by admitting evidence of prior difficulties between himself and the victim, and (3) the trial court erred by failing to merge the two counts against him for sentencing purposes. We hold that the evidence was sufficient to sustain the convictions and that the trial court properly admitted the evidence of prior difficulties, but since the trial court erred by failing to merge Counts 1 and 2, we must vacate the sentences on both counts and remand the case for resentencing.

Viewed in the light most favorable to the verdict, the evidence reveals that while caring for two-year-old H. M., Ratledge took the child into the bathroom and immersed her feet in scalding hot water, causing H. M.'s skin to burn off. H. M. suffered painful burns, screamed in pain, and had nightmares during her recovery. H. M. told others that Ratledge was the one who burned her by holding her feet down in hot water.

Expert testimony at trial revealed that the burn patterns on H. M.'s body were consistent with purposefully inflicted immersion burns. Doctors who initially treated H. M. immediately suspected child abuse and informed authorities. The trial testimony also revealed that H. M.'s feet would likely have to have been held under 128°F water for 30 to 45 seconds in order to cause the type of burn injuries that H. M. suffered.

---

[5] *Moore v. State*, 246 Ga. App. 163, 166 (5) (539 SE2d 851) (2000); *Davitt v. State*, 232 Ga. App. 427 (1) (502 SE2d 300) (1998).

Count 1 of the indictment charged that Ratledge unlawfully and maliciously caused cruel and excessive physical and mental pain to H. M. "by placing her feet into excessively hot water . . . ," and Count 2 charged that Ratledge unlawfully and maliciously caused cruel and excessive physical and mental pain to H. M. "by holding her feet in excessively hot water long enough to cause severe burns. . . ." The jury found Ratledge guilty on both counts, and the trial court sentenced Ratledge to 20 years on each count, with the sentences to run concurrently.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2] Ratledge contends that the evidence was insufficient for any rational trier of fact to find him guilty of cruelty to children. We disagree.

"Any person commits the offense of cruelty to children . . . when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."[3]

> For purposes of this Code section, malice in the legal sense[ ] imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. [Ratledge's] intent was a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which [he was] prosecuted.[4]

The evidence revealed that Ratledge took H. M. into the bathroom where she was burned and that H. M. told other people that it was Ratledge who burned her. The burns on H. M.'s body were consistent with purposeful immersion in excessively hot water. H. M. was burned to the point that skin had melted from her feet and she was

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 16-5-70 (b).

[4] (Citations, punctuation and emphasis omitted.) *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4) (398 SE2d 25) (1990).

in extreme physical and emotional pain. Ample evidence sustained the convictions.[5]

2. Ratledge argues that the trial court should have excluded evidence regarding prior incidents of abuse between H. M. and Ratledge since these prior incidents were not similar to the burning incident at issue. Ratledge failed to object to the evidence on this basis in the trial court, however, and therefore has not preserved this issue for review on appeal.[6]

Even if the issue were properly before us, evidence of prior abuse between the victim and the defendant can be admissible to show motive in a child cruelty case.[7] Moreover, Ratledge opened the door for the admission of this evidence by asking one of the State's witnesses about evidence of prior abuse between Ratledge and H. M.[8]

3. Ratledge further contends, and the State concedes, that the two counts of cruelty to children should have merged for sentencing purposes. We agree.

Count 1 charged Ratledge with cruelty to children for "placing [H. M.'s] feet into excessively hot water . . . ," and Count 2 charged Ratledge with cruelty to children for "holding [H. M.'s] feet in excessively hot water long enough to cause severe burns. . . ." Ratledge could not "hold" H. M.'s feet in excessively hot water until such time as he had already "placed" her feet in the hot water. Since the two counts were based on the same conduct, the court should have merged one count into the other and sentenced only on the surviving count.[9] "[T]he guilty verdicts [will] stand[; however,] we must vacate the two convictions and sentences and remand the case to the trial court to merge one of the counts into the other and to resentence on the surviving count."[10]

*Judgment affirmed in part and vacated in part. Case remanded to the trial court for resentencing. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 13, 2001.

Cruelty to children. Walker Superior Court. Before Judge Wood.
*Robert L. Stultz*, for appellant.

---

[5] See *Stokes v. State*, 204 Ga. App. 586, 587 (2) (420 SE2d 84) (1992).

[6] See *Fairbanks v. State*, 225 Ga. App. 666-667 (1) (484 SE2d 693) (1997).

[7] See *Diaz v. State*, 262 Ga. 750, 753 (4) (425 SE2d 869) (1993); compare *Respres v. State*, 244 Ga. App. 689, 690-691 (2) (536 SE2d 586) (2000) ("Our courts have long held that evidence of prior difficulties between an accused and the victim is relevant to show the bent of mind, motive, intent, and course of conduct of the accused toward the victim.") (punctuation and footnote omitted).

[8] See, e.g., *Maner v. State*, 221 Ga. App. 826, 830 (3) (472 SE2d 716) (1996).

[9] *Lynn v. State*, 251 Ga. App. 155, 158 (4) (553 SE2d 836) (2001).

[10] (Footnote omitted.) Id.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.