A05A0145. MORGAN v. THE STATE.
(611 SE2d 740)

MILLER, Judge.

Steven Morgan was charged with four counts of child cruelty. The jury found him guilty on the first count and the trial court sentenced him to ten years with five years to serve. Following the denial of his motion for new trial, Morgan appeals, challenging the sufficiency of the evidence to sustain his conviction. We discern no error and affirm.

On appeal from a criminal conviction, "we view the evidence in a light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve." (Punctuation and footnote omitted.) *Ferguson v. State*, 267 Ga. App. 374 (599 SE2d 335) (2004).

So viewed, the evidence showed that on the evening of August 8, 2000, a detective and two Department of Family and Children Services (DFACS) employees arrived at an apartment where they observed the five-year-old victim holding a bag of ice over his eye. They took the victim into a bedroom, where they asked him about his injury. The detective observed that the child's face was swollen, and that he had two black eyes and some skin missing from his cheek. The detective also observed new as well as old injuries to the victim's back and left ear. One of the DFACS employees observed both old and new marks on the victim's stomach and chest and new strap marks on his legs. When asked about these injuries, the victim explained that his "mommy and [Morgan] had done it because he had pee'd in his pants." He further explained that the two took turns hitting him with a belt,

and that they "beat [him] all over."[1] Officers subsequently located both the belt and the underwear described by the victim.

The victim was taken to a hospital, where the emergency room physician noted that the five-year-old had "multiple bruises and evidence of trauma from head to toe." He further testified that the victim had a large black eye, swelling in the upper cheek area, multiple abrasions to both cheeks and the bridge of his nose, and multiple contusions to his chest, thorax, legs, and arms. He explained that the force exerted on the victim's face and ear must have been "severe." He also described the victim's bruises as "fresh," and inflicted within the last 48 hours. The victim told the emergency room physician that his "mommy and daddy . . . [had] whipped [him] on [his] butt . . . [and] chok[ed] [him] with their hands." The victim told the detective that his back hurt, and complained to the emergency room physician that his eye and buttocks hurt.

The indictment alleged that Morgan "did unlawfully [and] maliciously cause [the victim], a child under the age of 18, cruel and excessive physical and mental pain by striking him about the head, face and body with a belt." Under OCGA § 16-5-70 (b), a person "commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The evidence was sufficient to sustain Morgan's conviction for cruelty to children in the first degree. See *Thompson v. State*, 262 Ga. App. 17, 18-19 (1) (585 SE2d 125) (2003); *Ratledge v. State*, 253 Ga. App. 5, 6-7 (1) (557 SE2d 458) (2001).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 8, 2005.

*Robert H. Alexander III*, for appellant.
*Patrick H. Head, District Attorney, Robert B. Lovett, Amanda E. Persons, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[1] The evidence showed that Morgan and his wife (the victim's cousin) agreed to allow the victim to live with them temporarily.