### A05A0191. SIMS v. THE STATE.
(615 SE2d 785)

PHIPPS, Judge.

Nathaniel Woodfen Sims was convicted of cruelty to children for maliciously causing W. F. cruel physical pain by hitting her body with a belt, causing scarring on her arms, legs, and buttocks between the dates of January 1, 2000, and March 26, 2003. His motion for new trial was denied. Pro se on appeal, Sims contends that the evidence was insufficient to support a conviction, that the trial court failed to order the state to furnish all items contained in his discovery request, that the trial court deprived him of his right to cross-examine a witness, that the trial judge was biased and prejudiced against him, and that he was deprived of effective assistance of counsel and of adequate time in a law library. Because Sims has demonstrated no reversible error, we affirm.

1. Sims contends that the evidence was insufficient to support his conviction. A person commits the offense of cruelty to children when he or she "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."[1]

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

[1] OCGA § 16-5-70 (b).
[2] *Ratledge v. State*, 253 Ga. App. 5, 6 (1) (557 SE2d 458) (2001) (footnotes omitted).

Viewed in this light, the evidence showed that on March 27, 2003, six-year-old W. F. showed her wrists to her school teacher. The teacher saw that one wrist was larger than the other and that the child's arms had "fresh" bruises on them. W. F. told her teacher that her "daddy" had spanked her. The teacher immediately took the child to the school's counselor. The counselor saw that W. F.'s wrist was swollen and that W. F. also had bruises on her legs. W. F. told the counselor that her "mother's helper" had spanked her and hurt her arm. The counselor called the police. That same day, a responding police officer inspected the child's lower back and legs and saw marks and bruises. W. F. told the officer that her "mommy's helper" had spanked her the night before because she would not eat. A county photographer took pictures of W. F.'s bruised arm, swollen wrist, bruised and scarred thighs, and bruised and scarred buttocks. These pictures were shown to the jury. At trial, W. F. testified that her wrist had become swollen because "Nate whipped me," identifying Sims. W. F. testified that Sims also had caused the marks and scars on her arm, legs, and buttocks.

W. F.'s mother testified that she and W. F. moved to Georgia in July 2000; that she met and began a romantic relationship with Sims during the latter part of 2001; that Sims had moved in with her, W. F., and W. F.'s younger brother; that Sims would sometimes babysit W. F. and her younger brother; that Sims became critical of her leniency in disciplining her children; and that he therefore would sometimes take over that task. She recalled that on or about March 27, 2003, W. F. would not eat her meal; Sims found it unacceptable that she decided to simply leave W. F. alone; he determined that the child's behavior should not be tolerated and thus started striking W. F. with a belt. W. F.'s mother also testified that W. F.'s older scars were the results of Sims whipping W. F. for having received a bad school report.

In challenging the sufficiency of the evidence, Sims argues that the state's evidence contained weaknesses and inconsistencies. He also points to his own testimony that, although he assisted W. F.'s mother financially, he was never involved in disciplining her children. These evidentiary matters, however, were for the jury to resolve.[3] The record reveals sufficient evidence from which a rational trier of fact could have determined that Sims was guilty beyond a reasonable doubt of the offense for which he was convicted.[4]

2. Sims contends that the trial court erred by failing to order the state to furnish all items in his discovery request, pointing out that he had elected to invoke reciprocal discovery under Georgia's Criminal

[3] See id.
[4] See id.

Procedure Discovery Act.[5] Upon a showing that the state has failed to comply with the discovery statute,

> the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.[6]

The record reveals that two attorneys were initially appointed to represent Sims, but he terminated both and was then granted pro se status. Appearing pro se on the first date the case was called for trial, Sims reported to the court that he had not received any discovery from the state. Although one of Sims's terminated attorneys informed the court that he had copied Sims with all discovery that he had received during the representation, the court nonetheless continued the trial and ordered the state to deliver directly to Sims a copy of "all discovery documents and other discoverable materials." In addition, prior to trial, the court granted Sims's request to conduct an in camera review of the state's file and determined that nothing therein was exculpatory. When Sims appeared for trial on March 22, 2004, he did not seek another continuance based on any claim that the state continued to improperly withhold discovery.

Generally, a defendant's failure to seek a continuance due to the state's failure to comply with the reciprocal discovery statute waives the right to assert error on appeal.[7] Moreover, Sims does not show that he was prejudiced by the state improperly withholding any item to which he was entitled. He does not cite any evidence that the state should not have introduced because of a discovery violation. And he makes no showing that any item that the state possessed had any exculpatory value. Under these circumstances, Sims has failed to show reversible error.

3. Sims contends that the trial court erred by not allowing him to cross-examine a psychologist who had examined W. F. He points out that the prosecuting attorney remarked in the state's opening statement that the state would be calling that witness to testify about the effects of Sims's conduct on the child. When the prosecuting attorney announced that the state was resting its case without having called that witness, Sims protested that he was being deprived of an

---

[5] OCGA § 17-16-1 et seq.

[6] OCGA § 17-16-6; see *State v. Dickerson*, 273 Ga. 408, 410 (1), n. 3 (542 SE2d 487) (2001).

[7] *Dickerson*, supra at 411 (2).

opportunity to cross-examine her. But as the trial court correctly instructed Sims, the state was not required to procure witnesses for him, and if he had intended to question any person, he should have subpoenaed that person.[8] The trial court did not err as charged.

4. Sims contends that the trial court was biased and prejudiced against him. Sims has not pointed to any evidence showing that the trial judge had any such bias or prejudice against him, and we find none. This contention is without merit.[9]

5. Sims contends that he was deprived of the right to effective assistance of counsel. To prove ineffectiveness of trial counsel, the defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced him.[10]

In considering a claim of ineffectiveness of trial counsel, a court is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one.[11] In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to that court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.[12]

Sims claims his appointed attorneys rendered ineffective assistance by refusing to investigate his case and instead insisting that he plead guilty. Sims's motion for new trial on this issue merely stated that "ineffective counsel for (8) months failed to investigate defendant's case." And at the hearing on his motion for new trial, Sims adduced no evidence regarding this claim. Sims has failed to show that his trial counsel's performance prejudiced him. As a result, his ineffective assistance claim was properly rejected.

6. Sims contends that, after having been given pro se status on January 9, 2004, he was not allotted adequate time in a law library to prepare his defense. The record shows that the trial court ordered on February 11, 2004, that Sims be given "standard access to the Law Library for the purpose of preparing his case for trial." Sims has failed to show that additional time in a law library would have benefitted him. Without a showing that Sims was harmed, this contention is without merit.[13]

---

[8] See *Byron v. State*, 229 Ga. App. 795, 799 (6) (495 SE2d 123) (1997) (defendant has duty to ensure the presence of his witnesses by issuance of subpoenas).

[9] See generally *Phillips v. State*, 267 Ga. App. 733, 736 (2) (601 SE2d 147) (2004).

[10] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[11] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

[12] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[13] See *Florence v. State*, 246 Ga. App. 479, 482 (9) (539 SE2d 901) (2000); accord *State v. Heath*, 277 Ga. 337 (588 SE2d 738) (2003).

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 6, 2005 —
RECONSIDERATION DENIED JUNE 17, 2005 —

Nathaniel W. Sims, *pro se.*
*Robert E. Keller, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.