A07A0193. JAHENI v. THE STATE.
(645 SE2d 735)

RUFFIN, Judge.

Following a jury trial, Sophonias Othello Jaheni was convicted of armed robbery, hijacking a motor vehicle, kidnapping, and possessing a firearm during the commission of a crime. The trial court granted his motion for out-of-time appeal. On appeal, Jaheni contends that his convictions violated his double jeopardy rights under the United States Constitution and Georgia law. He also alleges that he received ineffective assistance of counsel and challenges the admission of certain evidence. For reasons that follow, we affirm.

---

On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[1] So construed, the evidence shows that on December 1, 1997, Horace Moore went to a grocery store on Wrightsboro Road at approximately 10:00 p.m. As he was putting his groceries into his automobile, a man approached him, held a gun to his head, and pushed him into the vehicle. The assailant also entered the vehicle and forced Moore into the passenger seat. After demanding Moore's keys, the attacker started the car, and Moore jumped out, injuring his head, elbow, and knees. The assailant sped away in Moore's car and a witness summoned police.

The police immediately issued a "BOLO" ("be on the lookout") alert for Moore's black, four-door 1990 Honda Civic, providing the license plate number. The BOLO racially described the driver and indicated that he was six feet tall, 160 pounds, and wearing black clothing. A Richmond County sheriff's deputy was dispatched to the grocery store at approximately 10:25 p.m., and the officer took Moore's statement.

At approximately 10:30 p.m., Lorenzo Brunson, another Richmond County patrol officer, observed a vehicle matching the BOLO description on Wrightsboro Road, "less than . . . five miles" from the robbery location. The vehicle turned onto another road "at a reasonably high rate of speed," and Brunson pulled in behind it. Although the vehicle was in the right turn lane, the driver improperly proceeded through the intersection when the traffic light turned green. After Brunson activated his emergency lights, the driver accelerated and drove through two red lights. With Brunson in pursuit, the driver made several turns before stopping in Columbia County, where he exited the vehicle and ran into the woods. Additional officers responded, and Jaheni was captured shortly thereafter. Moore, who was transported to the scene, identified Jaheni as his assailant.

Jaheni was taken into custody at the scene, and the police also issued traffic citations to him for driving with a suspended license, failure to obey a traffic control device, attempting to elude a police officer, and reckless driving. The solicitor-general issued an accusation for the traffic offenses, and Jaheni pled guilty to those charges on December 17, 1997.

On January 6, 1998, a Richmond County grand jury returned a true bill of indictment, charging Jaheni with armed robbery, hijacking a motor vehicle, kidnapping, and possessing a firearm during the commission of a felony. At trial, Jaheni testified that he entered Moore's car in the store parking lot at Moore's request. Jaheni stated

---

[1] See *Clark v. State*, 271 Ga. App. 534 (1) (610 SE2d 165) (2005).

that after Moore asked him to perform oral sex, Jaheni punched him in the head, and Moore exited the vehicle. According to Jaheni, he drove away in Moore's car because he "[did not] know if the man was going to shoot [him]" and "as a sign of retribution." The jury apparently found Jaheni's testimony incredible and found him guilty of all counts of the indictment.

1. Jaheni contends that because he pled guilty to traffic offenses in state court, his subsequent prosecution for the felonies in superior court subjected him to double jeopardy, thus violating his rights under the Fifth and Fourteenth Amendments to the United States Constitution. We disagree. As set forth in *Blockburger v. United States*,[2] "successively charged offenses are separate for purposes of double jeopardy only if proof of each offense requires proof of some element or fact which proof of the other does not."[3] A review of the crimes and offenses with which Jaheni was charged reveals that the felony charges involve entirely separate elements than the traffic offenses.

Jaheni was charged with the following felony offenses: armed robbery; hijacking a motor vehicle; kidnapping; and possessing a firearm during the commission of a crime. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[4] "A person commits the offense of hijacking a motor vehicle when such person while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so."[5] A person commits the offense of kidnapping when he "abducts or steals away any person without lawful authority or warrant and holds such person against his will."[6] A person who has "on or within arm's reach of his . . . person . . . a firearm . . . during the commission of, or the attempt to commit" certain enumerated felonies, including theft of a vehicle, commits the offense of possessing a firearm during the commission of a felony.[7] In order to establish the traffic offenses with which Jaheni was charged, the State was required to prove that Jaheni: (1) operated a motor vehicle on a public highway when his privilege to do so had been

---

[2] 284 U. S. 299 (52 SC 180, 76 LE 306) (1932).

[3] (Punctuation omitted.) *Blackwell v. State*, 230 Ga. App. 611 (1) (496 SE2d 922) (1998).

[4] OCGA § 16-8-41 (a).

[5] OCGA § 16-5-44.1 (b).

[6] OCGA § 16-5-40 (a).

[7] OCGA § 16-11-106 (b).

suspended;[8] (2) disobeyed an official traffic control device;[9] (3) wilfully failed to stop a vehicle or attempted to elude "a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop";[10] and (4) drove a "vehicle in reckless disregard for the safety of persons or property."[11]

"It is beyond reasonable question that [the felony offenses and traffic] offenses involve wholly different elements and facts."[12] Clearly, the felony charges against Jaheni did not require proof of the same elements involved in the traffic violations, and thus the felony prosecutions did not violate his rights under the Fifth and Fourteenth Amendments to the United States Constitution.[13]

2. Similarly, Georgia law prohibiting double jeopardy does not preclude Jaheni's felony convictions.

(a) Georgia's statutory bar to successive prosecutions — the procedural aspect of double jeopardy — is set forth in OCGA § 16-1-7 (b), which provides that "[i]f the several crimes *arising from the same conduct* are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution."[14] A second prosecution for a crime with which a defendant should have been charged under OCGA § 16-1-7 (b) is barred under OCGA § 16-1-8 (b) (1).[15]

Here, the felony charges against Jaheni did not arise from the traffic offenses to which he pled guilty in state court. Jaheni had already completed the felony offenses against Moore and driven approximately five miles away from the robbery scene when he committed the traffic violations. Indeed, "[t]he only connection between the [felony] charge[s] and the traffic offenses in this case was the fact that [Jaheni] committed the traffic offenses with the stolen vehicle."[16] The traffic offenses were proved with facts that occurred after the patrol officer tried to stop Jaheni, and the elements of the felony charges were proved with the evidence regarding Jaheni's actions in the grocery store parking lot.[17] And "[w]e reject any

---

[8] See OCGA § 40-5-121 (a).

[9] See OCGA § 40-6-20 (a).

[10] OCGA § 40-6-395 (a).

[11] OCGA § 40-6-390 (a).

[12] *Blackwell*, supra at 612 (1).

[13] See *Dodd v. State*, 240 Ga. App. 48, 50 (522 SE2d 538) (1999); *Blackwell*, supra.

[14] (Emphasis supplied.) OCGA § 16-1-7 (b).

[15] See *Hill v. State*, 234 Ga. App. 173, 175 (1) (507 SE2d 3) (1998).

[16] *Grant v. State*, 180 Ga. App. 746, 747 (1) (350 SE2d 582) (1986).

[17] See *Smith v. State*, 173 Ga. App. 728, 729 (1) (327 SE2d 839) (1985).

contention that when one steals a vehicle, every act however unrelated and independent which he commits while in possession of that vehicle is, by virtue of that single fact, of the same conduct and same continuing transaction as the theft of the vehicle."[18] Thus, OCGA § 16-1-7 (b) offers Jaheni no protection under these circumstances.[19] Notwithstanding Jaheni's argument to the contrary, the admission of evidence surrounding the circumstances of his arrest, including his traffic offenses, during his felony trial does not alter this conclusion.[20]

(b) Jaheni further argues that his felony convictions were prohibited because the felony offenses merged with his traffic violations. Again, we disagree. The felony charges and the traffic offenses do not merge as a matter of law because they "involve different proscribed conduct," and have "distinctive elements."[21] Similarly, the felony and traffic offenses do not merge as a matter of fact. Offenses merge factually under OCGA § 16-1-6 (1) only if "the [S]tate uses up all the evidence that the defendant committed one crime in establishing another crime."[22] Here, the felonies and the traffic offenses were proved by separate facts, and thus, the crimes do not merge as a matter of fact.[23]

3. Next, Jaheni contends that he received ineffective assistance of counsel because, as a result of his failure to adequately investigate the case and to object to the State's failure to turn over all discovery, trial counsel was unaware of Jaheni's previous guilty plea in state court and failed to file a plea of double jeopardy on his behalf. In order to prevail on his claim of ineffective assistance of counsel, Jaheni has the burden to show that his counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial or appeal would have been different.[24] As set forth in Divisions 1 and 2, Jaheni's sequential prosecution for the felony charges did not subject him to double jeopardy. "Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance."[25] Accordingly, this enumeration presents no basis for reversal.[26]

---

[18] Id. at 730 (1).

[19] See *Delph v. State*, 279 Ga. App. 306, 307-308 (630 SE2d 891) (2006); *Smith*, supra; *Grant*, supra.

[20] See *Smith*, supra.

[21] *Ruffin v. State*, 252 Ga. App. 289, 290 (2) (556 SE2d 191) (2001).

[22] (Punctuation omitted.) Id. at 291.

[23] See *Morris v. State*, 274 Ga. App. 41, 43 (2) (616 SE2d 829) (2005); *Robinson v. State*, 246 Ga. App. 576, 584 (8) (541 SE2d 660) (2000); *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998).

[24] See *Pittman v. State*, 274 Ga. 260, 264 (5) (553 SE2d 616) (2001).

[25] (Punctuation omitted.) *Cole v. State*, 279 Ga. App. 219, 225 (8) (b) (630 SE2d 817) (2006).

[26] See id.

4. Finally, Jaheni challenges the admission of his "self-incriminating statements" that were not timely disclosed to the defense by the State. Jaheni's attorney cross-examined Investigator Ken Rogers as follows:

Q: Well, did you find a gun?
A: No, sir.
Q: Did any of the deputies find a gun?
A: No, sir, what I was advised by Deputy Brunson was that the gun was thrown out by Mr. Jah[e]ni.
Q: You say you were advised of that?
A: That's what Deputy Brunson told me in his statement.
Q: So Deputy Brunson [did not] see anything thrown away.
A: Deputy Brunson told me what he had seen —
[DEFENSE COUNSEL]: Your Honor, this is a —
THE COURT: Overrule the objection. You asked the question. Allow him to answer it.
A: Deputy Brunson . . . was patting down Mr. Jah[e]ni for a weapon and . . . Mr. Jah[e]ni told him it was a plastic gun, and he threw it out the window just prior to taking the vehicle.

Then, during direct examination, the prosecutor asked Deputy Brunson what Jaheni said when he was captured by the canine unit in a wooded area. After the trial court overruled defense counsel's objection and denied his request for a *Jackson-Denno*[27] hearing, Brunson testified that Jaheni said "you got me, you got me, and he wanted us to call the dog off." Brunson also testified, over defense counsel's objection, that Jaheni stated that he had thrown "a toy gun" out of the vehicle.

(a) OCGA § 17-16-4 (a) (1) provides in pertinent part: "The prosecuting attorney shall, no later than ten days prior to trial, . . . disclose to the defendant . . . the substance of any other relevant written or oral statement made by the defendant while in custody, whether or not in response to interrogation." It is undisputed that the State failed to timely disclose Jaheni's statements that he threw a gun out of the window of the vehicle and that the police "had him." However, Jaheni's claim that he is entitled to a reversal on this basis fails for several reasons.

The purpose of OCGA § 17-16-4 is "to ensure sufficient notice to defend against the charges."[28] Here, Jaheni waived his right to

---

[27] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[28] *Arnold v. State*, 236 Ga. App. 380, 383 (4) (511 SE2d 219) (1999).

appeal the State's failure to comply with OCGA § 17-16-1 et seq., by both: (1) failing to specifically object on the grounds that his statements were not properly disclosed to him under OCGA § 17-16-4;[29] and (2) failing to seek a continuance to cure any prejudice which may have resulted from the State's failure to comply with the statute.[30]

Finally, pretermitting whether the trial court erred in admitting the officers' testimony regarding Jaheni's statements, we conclude that given the evidence against him, it is "highly probable that any error did not contribute to the verdict."[31] Jaheni was captured driving the victim's car less than five miles from the scene of the robbery, shortly after the crime occurred, and he fled from police. Moore identified Jaheni as his assailant. And although he disputed that he robbed Moore, Jaheni admitted that he took Moore's car "as a sign of retribution." This evidence was more than sufficient to meet the standard of proof required under *Jackson v. Virginia*.[32] Thus, we find it highly probable that the introduction of Jaheni's statements to the police did not contribute to the verdict and therefore was harmless.[33]

(b) Jaheni also enumerates as error the denial of his request for a hearing pursuant to *Jackson-Denno*.[34] But "a requirement for a hearing on the issue of voluntariness applies only if the evidence presents a fair question as to its voluntariness. No such question is presented in this case."[35] Because the only evidence in the record is that Jaheni's statements to the police were spontaneous, voluntary, and not made in response to interrogation, we find no error in the trial court's failure to conduct a hearing.[36]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 8, 2007.

*Barbara B. Claridge*, for appellant.

---

[29] See *Arrington v. State*, 224 Ga. App. 676, 678 (3) (a) (482 SE2d 400) (1997) (failure to specifically object on the grounds that the introduction of evidence constitutes a violation of OCGA § 17-16-1 et seq. results in waiver).

[30] See *Sims v. State*, 273 Ga. App. 723, 725 (2) (615 SE2d 785) (2005) ("defendant's failure to seek a continuance due to the [S]tate's failure to comply with the reciprocal discovery statute waives the right to assert error on appeal"); *Mullins v. State*, 267 Ga. App. 393, 398 (3) (599 SE2d 340) (2004); *State v. Dickerson*, 273 Ga. 408, 411 (2) (542 SE2d 487) (2001).

[31] *Dickerson*, supra at 411-412.

[32] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[33] See *Wallin v. State*, 248 Ga. 29, 32 (5) (279 SE2d 687) (1981); *Moon v. State*, 208 Ga. App. 540, 541 (1) (b) (431 SE2d 128) (1993).

[34] Supra.

[35] *Craver v. State*, 246 Ga. 467, 468 (1) (271 SE2d 862) (1980).

[36] See *White v. State*, 196 Ga. App. 813, 814 (3) (397 SE2d 299) (1990) (physical precedent only); *Loftin v. State*, 180 Ga. App. 613, 616 (5) (349 SE2d 777) (1986); *Craver*, supra.

*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney*, for appellee.