### A09A0453. SPENCER v. THE STATE.
(676 SE2d 274)

MIKELL, Judge.

Tekayo Spencer was found guilty by a jury of aggravated battery (Count 1), aggravated assault (Count 2), possession of a firearm

during the commission of aggravated battery (Count 3), possession of a firearm during the commission of aggravated assault (Count 4), and obstruction (Count 5). At sentencing, Counts 2 and 4 were merged into Counts 1 and 3, respectively; and Spencer was sentenced to twenty years in confinement on Count 1; five years probation on Count 3, to be served consecutively with Count 1; and twelve months in confinement on Count 5, to be served concurrently with Count 1. Following a hearing, the trial court denied Spencer's motion for new trial. Spencer appeals,[1] asserting that because the state failed to meet its disclosure obligations under OCGA § 17-16-4, the trial court erred in admitting testimony of a statement Spencer allegedly made while in custody; and that Spencer received ineffective assistance of counsel at trial. We conclude that no reversible error occurred, and we affirm Spencer's convictions.

On appellate review of a criminal conviction following a jury trial, the evidence is viewed in a light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[2] The appellate court does not weigh the evidence or determine witness credibility, but only determines if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

Viewed in the proper light, the evidence shows that on July 7, 2004, Spencer approached the victim, Jamel Kimble, and shot him in the ear with a small revolver, at close range. Although Kimble was seriously wounded, he survived his injuries and identified Spencer as his attacker in a photographic line-up conducted shortly after the shooting. Later, at trial, Kimble testified that he was standing on a street corner when a blue Chevrolet Caprice pulled up to him; that Spencer was in the car along with Spencer's two brothers and a man from the neighborhood named Vincent; and that Spencer got out of the car and shot Kimble. Kimble further testified that he had known Spencer for several years and that he had lived in Spencer's house for a month prior to the shooting. Kimble identified Spencer in court as his assailant.

At trial, Vincent Johnson testified that he owned a blue Chevrolet Caprice, but he denied any knowledge of the shooting and he stated that he did not remember the substance of his interview with police after the shooting. The state called Police Officer Dion Hurley,

---

[1] Spencer originally appealed directly to the Supreme Court of Georgia, which transferred the appeal to this Court.

[2] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004). Accord *Jaheni v. State*, 285 Ga. App. 266, 267 (645 SE2d 735) (2007).

[3] *Al-Amin*, supra, citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Sims v. State*, 273 Ga. App. 723 (1) (615 SE2d 785) (2005).

of the Savannah-Chatham Metro Police Department, for purposes of impeachment. Hurley testified that he interviewed Johnson later on the day of the shooting. In the course of the interview, which was recorded and played for the jury, Johnson admitted that he gave Spencer a ride in his car on the night of the shooting; that Spencer was looking for Kimble; that when they found Kimble, Johnson watched Spencer walk up to Kimble and shoot him.

The evidence adduced at trial also showed that when police officers went to Spencer's home to arrest him, Spencer hid and refused to come out at the officers' request. He was finally arrested after an officer spotted him in a closet.

Construed most favorably to the verdict, the record reveals sufficient evidence from which a rational trier of fact could have determined, under the standard of *Jackson v. Virginia*,[4] that Spencer was guilty beyond a reasonable doubt of the offenses for which he was convicted.

1. In his first enumeration of error, Spencer asserts that the trial court erred in allowing Kimble to testify to a statement Spencer made to Kimble after the shooting, while both Kimble and Spencer were in custody in the Chatham County jail. Kimble testified that Spencer told Kimble that he would pay Kimble to say that Spencer did not shoot him. Spencer complains that the state failed to comply with the requirements of OCGA § 17-16-4 (a) (1), which provides that "[t]he prosecuting attorney shall . . . disclose to the defendant the substance of any . . . relevant written or oral statement made by the defendant while in custody, whether or not in response to interrogation." It seems plain from the record before us that the state failed timely to disclose Spencer's in-custody offer to bribe Kimble, and the state does not argue otherwise. However, Spencer's claim that he is entitled to a reversal on this ground fails, first, because Spencer has waived his right to complain on this ground on appeal, and second, because the error, if any, was harmless.

"Generally a defendant has a duty to request a continuance to cure any prejudice which may have resulted from the [s]tate's failure to comply with the requirements of OCGA § 17-16-1 et seq."[5] Although Spencer's counsel objected to the admission of testimony concerning Spencer's in-custody statement, on the ground that the statement should have been disclosed, at no point did Spencer request any relief available under OCGA § 17-16-6.[6] Spencer states

---

[4] Supra.

[5] (Citations omitted.) *State v. Dickerson*, 273 Ga. 408, 411 (2) (542 SE2d 487) (2001).

[6] OCGA § 17-16-6 ("If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the

in his brief, without citation to the record, that his trial counsel moved for a mistrial, but our review of the record does not show that trial counsel made any such request, either at the time Spencer's in-custody statement was first mentioned by the prosecuting attorney, or at the time Kimble's testimony as to Spencer's statement was offered. Thus, Spencer waived the right to assert error on appeal by his failure to seek a continuance.[7]

Spencer has also been unable to show any prejudice resulting from the state's failure to disclose. At the hearing on the motion for new trial, Corbin Wooding, an employee of the Chatham County Sheriff's Department, testified that a separation order was in effect to keep Spencer separated from Kimble while both were in the county jail. Because of this separation order, Spencer contends that he could not have spoken to Kimble. However, Wooding also testified that notwithstanding that a separation order was in place, it was "entirely feasible" that Spencer and Kimble could have had contact with each other on the recreation yard, while they were housed in the same unit at the jail. At trial, on cross-examination by Spencer's counsel, Kimble testified that he and Spencer were on the recreation yard when Spencer spoke to him.

Finally, pretermitting whether the trial court erred in admitting Kimble's testimony regarding Spencer's statement, we conclude that given the overwhelming evidence against him, it is "highly probable that any error did not contribute to the verdict."[8] The victim gave direct testimony that it was Spencer who shot him. The victim had known Spencer for years and had lived in his home for the month previous to the shooting. Thus, the trial court's error, if any, in admitting the evidence of Spencer's statement was harmless.[9]

2. Spencer contends that he was deprived of the right to effective assistance of counsel. In order to show that his trial counsel provided ineffective assistance, Spencer must show that his trial counsel's performance was deficient and that a reasonable likelihood exists that the jury would have returned a different verdict, but for counsel's errors.[10] In considering a claim of ineffectiveness of trial

---

witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances").

[7] See *Dickerson*, supra. Accord *Jaheni*, supra at 271-272 (4) (a) (by failing to seek a continuance to cure any prejudice resulting from the state's failure to comply with the disclosure statute, defendant waived his right to complain on appeal of the state's failure to disclose).

[8] *Dickerson*, supra at 412 (2).

[9] See *Jaheni*, supra at 272 (4) (a).

[10] *Roebuck v. State*, 277 Ga. 200, 206 (10) (586 SE2d 651) (2003), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

counsel, a court is not required to address the performance portion of the inquiry before the prejudice component, nor is the court even required to address both components if the defendant has made an insufficient showing on one.[11] On appellate review of the trial court's ruling, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[12]

(a) Spencer complains that trial counsel was ineffective in eliciting the following testimony from Spencer on direct examination: that he was presently being held in the county jail without bond; that his record included two past arrests and misdemeanor convictions for dog fighting and obstruction; and that he had a juvenile court record. In order to show that his counsel's performance was deficient, however, Spencer "must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment."[13] This he has failed to do.

At the hearing on his motion for new trial, Spencer's trial counsel testified that she had been practicing law in Savannah since 1996 and that she has handled criminal cases for hundreds of felony clients. She testified that she consulted with Spencer "in detail" before the trial and met with him "quite frequently"; and that she discussed with him his right to remain silent and the advantages and disadvantages of his taking the stand in his own defense. She testified that revealing Spencer's criminal history was part of her trial strategy to "put everything out there," so that the jury would be convinced that Spencer was telling the truth and not hiding anything. She further explained that she consulted with Spencer about revealing his prior criminal history and that it was Spencer's decision to do so. In decisions as to trial strategy and tactics, counsel's effectiveness is not judged by hindsight or result.[14] Even though counsel's strategy in this case may have backfired, "[s]trategic or tactical decisions at trial are the exclusive province of the lawyer, and decisions concerning . . . whether to place the defen-

---

[11] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). Accord *Sims*, supra at 726 (5).

[12] (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003). Accord *Davis v. State*, 293 Ga. App. 799, 800 (668 SE2d 290) (2008).

[13] (Citation and punctuation omitted.) *Barner v. State*, 276 Ga. 292, 294 (4) (578 SE2d 121) (2003).

[14] *Roebuck*, supra at 207 (10).

dant's character in issue are matters of strategy or tactics such as do not equate with ineffective assistance of counsel."[15]

(b) Relying on *Jackson v. State*,[16] Spencer contends that his trial counsel was ineffective in failing to object to the state's questioning him on cross-examination as to why he did not come forward after the shooting, when he knew the police were looking for him, and in failing to object when the state made the same argument in closing. In *Jackson*, the Supreme Court ruled that the prosecutor improperly commented on the defendant's silence by questioning him regarding his failure to come forward after the incident.[17] Nonetheless, in light of the evidence presented against the defendant in that case, his counsel's failure to object to the prosecutor's improper comments did not prejudice his defense.[18] Similarly, in the case at hand, even if Spencer's counsel performed deficiently by failing to object to the prosecutor's questions and closing comments, Spencer has failed to show that counsel's performance prejudiced his defense. In light of the overwhelming evidence against him, including the direct testimony of the victim, who had known Spencer for years, we conclude that he has failed to show that, even if trial counsel had objected to the prosecutor's questions and comments, there is a reasonable probability that the outcome of the trial would have been different.[19] Thus, this enumeration of error fails.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 20, 2009.

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Isabel M. Pauley*, Assistant District Attorney, for appellee.

---

[15] (Citation and punctuation omitted.) *Redman v. State*, 281 Ga. App. 605, 606 (3) (636 SE2d 680) (2006). Cf. *Collins v. State*, 276 Ga. 726, 728 (2) (583 SE2d 26) (2003) (counsel did not render ineffective assistance where counsel, in attempt to portray defendant as truthful man with nothing to hide, had defendant testify on direct concerning his prior criminal conviction).

[16] 282 Ga. 494 (651 SE2d 702) (2007).

[17] Id. at 497 (2).

[18] Id.

[19] See *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).