### A03A0627. STRAKER v. THE STATE.
(578 SE2d 568)

JOHNSON, Presiding Judge.

A jury found Angela Straker guilty of two counts of cruelty to children in the first degree. Straker contends the evidence was insufficient to support her convictions. We find sufficient evidence and affirm Straker's convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that in 1994, Straker's former husband shot her in the head. Straker's daughter, who was seven years old at the time, was placed in foster care. Approximately two years later, Straker regained custody of her daughter. Because of Straker's motor impairments, her daughter reluctantly assumed adult responsibilities and would sometimes run from Straker to avoid household chores. On one occasion, to enforce compliance, Straker yanked her daughter's hair, pulling out strands, and slapped her daughter's face using the back of her hand, on which she wore a large ring. Straker's daughter testified that she thought her nose was broken. The record also contains conflicting testimony regarding Straker's use of a wooden spoon to discipline her daughter.

In November 1997, Scott Rozar moved into Straker's house as her live-in boyfriend. During the few months that he lived there, Rozar molested Straker's daughter. Straker's daughter reported that Rozar kissed her, touched her vagina with his hands, tongue, and penis, and inserted his penis into her vagina. In fact, Straker actually caught Rozar in her daughter's bed on one occasion. Although her daughter told Straker "everything" about Rozar's actions, Straker took no steps to protect her daughter. Instead, Straker told her daughter not to tell anyone, and Rozar continued to sexually assault Straker's daughter. When Straker's older daughter found out about the molestation and tried to take the younger daughter to the police, Straker attempted to stop her daughters from going to the police.

The foster mother who took care of Straker's daughter while Straker was recovering from the head injury testified that Straker called her and admitted that she knew Rozar had molested her daughter, but decided not to tell anyone so they could keep the family

together. Straker subsequently called the foster mother and tried to convince her to change her testimony and not tell anyone about Straker's previous admission.

When initially questioned by the police, Straker gave them Rozar's name, but would not provide any other information about him. In addition, Straker initially denied any knowledge of sexual abuse by Rozar. Later, however, Straker confessed that she knew Rozar "pinched" her daughter on her private area while she was in the shower and "pinched" her daughter's breasts, which she described as a "titty-twister." Subsequently, during a taped telephone conversation, Straker admitted she had known extensive details about her daughter's molestation for some time.

Straker asserts the evidence is not sufficient to support her convictions of two counts of cruelty to children in the first degree. We disagree. OCGA § 16-5-70 (b) provides: "Any person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The evidence was sufficient for a rational trier of fact to find Straker guilty beyond a reasonable doubt of both counts of cruelty to children in the first degree.

a. Count 8 in the indictment alleged that Straker unlawfully and maliciously caused her daughter cruel and excessive physical and mental pain "by chasing the child, by pulling the child's hair, by refusing to take the child for medical attention, and by striking and hitting the child with a wooden spoon and with her hand." Straker contends there was no evidence to support any of these allegations. However, the evidence established that Straker "chased [her daughter] and caught her and slapped her and pulled her hair and . . . backhanded her across the face." As a result, Straker's daughter experienced pain and believed her nose was broken.

While Straker's daughter subsequently minimized this attack and blamed herself, her trial testimony nevertheless corroborated her earlier statements. In addition, only the jury can determine issues of intent and witness credibility.[1] Thus, it is the jury's duty, and not this Court's duty, to determine which victim statements to believe. The evidence was sufficient under the standard of *Jackson v. Virginia*[2] to authorize the jury's verdict that Straker is guilty, beyond a reasonable doubt, of cruelty to children in the first degree as alleged in Count 8 of the indictment.[3] Where conjunctive pleadings set forth more than one act by which the accused committed the

---

[1] See *Strange v. State*, 244 Ga. App. 635, 637 (1) (535 SE2d 315) (2000).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Dent v. State*, 220 Ga. App. 147 (1) (469 SE2d 311) (1996); OCGA § 24-3-16.

crime, the evidence is sufficient so long as it shows at least one of the acts alleged.[4]

b. Count 9 of the indictment alleged that Straker unlawfully and maliciously caused her daughter cruel and excessive physical and mental pain by leaving her daughter with Rozar after her daughter disclosed to her that Rozar was touching her inappropriately, by telling her daughter not to tell anyone about Rozar's inappropriate touching, and by telling her daughter not to go with her sister to report Rozar's abuse. According to Straker, the mental and physical incapabilities and limitations caused by her disability made it difficult for her to deal with the situation. Straker argues that she did not act maliciously. She "is merely a handicapped person who was incapable of dealing with a child abuse situation." Obviously, the jury found no merit in this argument, and we find sufficient evidence to support the jury's verdict of guilty on this count of the indictment.

Straker's daughter testified that even after she told Straker about the touching, Rozar remained in the house and did "some of the same things." The daughter felt betrayed by her mother. The record also shows that Straker told her daughter and others not to tell anyone about the molestation and that Straker attempted to stop her daughter from going with her sister to report the molestation. Straker's insufficiency of evidence claim lacks merit.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 26, 2003.

*Frederick M. Scherma*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, Eleanor A. Dixon, Assistant District Attorneys*, for appellee.

[4] *Mahone v. State*, 247 Ga. App. 596, 598 (1) (544 SE2d 514) (2001); *Wilson v. State*, 234 Ga. App. 375 (1) (506 SE2d 882) (1998).