### S08A0771. ROBINSON v. THE STATE.
(661 SE2d 538)

MELTON, Justice.

Following his conviction for the malice murder of James Fielder, Arthur Robinson a/k/a Arthur Mabry appeals, contending that the trial court erred by admitting evidence of a certain similar transaction.[1] We affirm.

In the light most favorable to the verdict, the record shows that, on December 23, 2003, Geraldine Jones went to Mabry's home to buy drugs. While Jones was there, Mabry and another man forced James Fielder into the house. Mabry then announced that he was about to commit a murder, and he warned Jones to get out of the house or he would kill her as well. Standing outside, Jones heard Mabry demand money from Fielder. Fielder explained that he could pay Mabry the next day, and Mabry then told Fielder that he was going to kill him. Jones next heard Fielder plead for mercy followed by two loud booming sounds. Fielder cried out, and Mabry stated that he was going to put Fielder's body in the back yard. Some time later, Mabry showed Jimmy Barnes a body bag in his back yard. Barnes informed the police about the bag, and Fielder's body was recovered and identified. In addition to this evidence, testimony regarding a prior altercation between Mabry and Fielder was admitted as well as a similar transaction. With regard to the similar transaction, evidence showed that, on May 16, 2004, Mabry attempted to take a radio receiver from Reginald Eason as payment for a debt, and the two began to fight. During the fight, Mabry picked up a brick and pummeled Eason in the head. Mabry also beat Eason with a tree

---

[1] Mabry was indicted on October 12, 2004 for the malice murder, felony murder, and aggravated assault of Fielder. Following a jury trial, Mabry was convicted on all counts, and Mabry was sentenced to life imprisonment for malice murder. The conviction for aggravated assault was merged into the conviction for malice murder for sentencing purposes, and the conviction for felony murder was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Mabry filed a motion for new trial on March 23, 2006, and filed amended motions on July 10, 2006 and April 25, 2007. Mabry's motion was denied on August 9, 2007, and Mabry filed a notice of appeal on August 30, 2007. Mabry's case was docketed in this Court on January 16, 2008, and orally argued.

branch. This similar transaction was admitted to show identity, bent of mind, and course of conduct.

This evidence was sufficient to enable the jury to find Mabry guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Mabry contends, however, that the trial court erred by admitting the similar transaction evidence of his altercation with Eason, arguing that the transaction was not sufficiently similar to the crime for which he was being tried.[2] Mabry has waived his right to raise this argument on appeal. Although he objected to the similar transaction evidence at a pre-trial hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), he raised no objections when any of the evidence was elicited during trial, as he was required to do to preserve any objection. *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008.

*Cromwell & Hibbert, Henry A. Hibbert,* for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General,* for appellee.

---

[2] The general prerequisites for admission of similar transaction evidence are set forth in *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991).