## A08A1356. WILLIAMS v. THE STATE.
### (668 SE2d 21)

ANDREWS, Judge.

On appeal from his convictions for child molestation and cruelty to children, Rodney Williams argues that the evidence was insufficient and that the trial court erred when it admitted similar transaction and child hearsay evidence. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that the victims' mother met Williams on a bus in March 2005 as she took her children from the shelter where the family was living to school registration. Williams assured the mother that he had previously helped parents with young children and nowhere to go. The mother let one and then two more of her daughters, all of whom were between seven and eleven years old, go home with Williams. On the third night of the sisters' stay with him, Williams began sleeping in the first sister's bed, pulling off her clothes, and having forcible intercourse with her. The second sister saw Williams on top of the first victim, and both sisters heard her crying during the attacks. Williams threatened to kill the girls or separate them forever if they told anyone. Williams disciplined the three sisters by forcing them to take their clothes off and whipping each of them with a belt, and beat, slapped or choked all three as well.

Williams was charged with rape of the first sister (Count 1), child molestation of the second and third sisters by raping the first in their presence (Counts 2 and 3), and 13 counts of first-degree cruelty to children arising from acts including beatings with a belt (Counts 4, 5, and 6), beatings with hands or fists (Counts 7, 8, and 9), pouring

boiling water on the victims' hands (Counts 10, 11, and 12), and burning the second victim with a hot iron (Count 16). A jury found Williams guilty of both counts of child molestation and of ten counts of cruelty to children (Counts 4 through 12 and 16) but acquitted him of the remaining charges, including rape. Williams's motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Williams's convictions for child molestation and cruelty to children. See OCGA § 16-6-4 (a) (defining child molestation as commission of "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy" the molester's sexual desires); OCGA § 16-5-70 (b) (defining cruelty to children as "maliciously caus[ing] a child under the age of 18 cruel or excessive physical or mental pain"); *Sims v. State*, 273 Ga. App. 723, 724 (1) (615 SE2d 785) (2005) (whether belt beatings were malicious and caused cruel or excessive pain was for the jury to decide); *Straker v. State*, 259 Ga. App. 904, 905-906 (a) (578 SE2d 568) (2003) (where an indictment sets out more than one act of cruelty to children, the evidence is sufficient "so long as it shows at least one of the acts alleged" in each count) (footnote omitted).

2. Williams argues that the trial court erred when it admitted testimony concerning a September 2005 similar transaction because the act was not sufficiently similar. We disagree.

The State offered evidence that in September 2005, Williams's son's 16-year-old girlfriend was attending a barbecue at Williams's house when Williams forced his hand down her pants and touched her vagina. At the conclusion of a Uniform Superior Court Rule 31.3 (B) hearing, the trial court ruled that the transaction was sufficiently similar and admissible. When the State elicited the testimony of the victim of the similar transaction at trial, Williams did not object. He has thus waived any argument against the admission of this evidence on appeal. *Robinson v. State*, 283 Ga. 546, 547 (661 SE2d 538) (2008).

3. Williams also argues that the trial court erred when it allowed two nurses to testify as to statements made to them by two of the sisters without making a finding under OCGA § 24-3-16 that this evidence was sufficiently reliable. Again, we disagree.

The record shows that the prosecutor asked the trial court to review videotaped statements three of the sisters made at a hospital concerning Williams's attacks. Citing *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991), the trial court then held that the videotaped statements contained "sufficient indicia of reliability to authorize their admittance." The trial court confirmed its understanding that the prosecutor intended "to use the three alleged victims as witnesses in this proceeding" before emphasizing that the weight to be afforded the videotaped statements was for the jury to

decide. Williams then asked for a continuing objection under OCGA § 24-3-16 "so [that he would not] have to object again when *the actual tapes* are introduced." (Emphasis supplied.) Williams did not object, however, when both nurses reported the victims' statements to them concerning the same matters. Both of the victims were available for cross-examination concerning these statements.

Here, as in *Nelson v. State*, 279 Ga. App. 859 (632 SE2d 749) (2006), Williams "had every conceivable opportunity to examine and cross-examine both [the victims and the nurses] regarding their memories and the circumstances surrounding [their] out-of-court statement[s], and the jury had the opportunity to judge the alleged making and veracity of [those] statement[s]." Id. at 862 (1) (a). "Alleged inconsistencies or challenges to the truthfulness of the child or others are matters of credibility for the jury to resolve and do not render the admission of this relevant and material evidence erroneous." (Citation and punctuation omitted.) Id. Moreover,

> while the trial court must find that the circumstances of the child hearsay statement provide sufficient indicia of reliability, such finding is not a *condition precedent* to the admissibility of the statement; rather, this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding.

(Emphasis in original.) *Baker v. State*, 252 Ga. App. 238, 241 (1) (b) (555 SE2d 899) (2001).

Williams does not challenge the reliability of the videotaped statements on appeal, has not argued or shown that the victims' nonrecorded statements to the nurses were unreliable, and has not pointed out any inconsistencies between the two categories of statements. It follows that the trial court did not err when it admitted the nurses' testimony concerning the same matters detailed in the victims' properly admitted and sufficiently reliable videotaped statements.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 19, 2008.

*Thomas S. Robinson III*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.