## S09A0676. ANDERSON v. THE STATE.
### (685 SE2d 716)

HUNSTEIN, Chief Justice.

Appellant Nashon Nikia Anderson appeals from his convictions for murder and related offenses in connection with the fatal shooting of victim John Dean in the parking lot of a nightclub in September 2002. Finding no error, we affirm.[1]

Viewed in the light most favorable to the verdict, the evidence reflects that on the evening of the crimes, appellant and a group of his friends attended a concert at a nightclub in Statesboro adjacent to the campus of Georgia Southern University. Having exited the nightclub after the concert, appellant and his friends began fighting with two men, one of whom was victim John Dean, whom appellant believed had been involved in a drive-by shooting at appellant's apartment the previous Halloween. Dean, attempting to escape the fighting, got into the passenger seat of his friend's car, whereupon appellant shot him multiple times with a 9 millimeter semi-automatic pistol. Dean died at the scene from two fatal gunshots to the chest. Appellant was arrested the next morning at a nearby motel with the murder weapon still in his possession.

At trial, multiple eyewitnesses testified that appellant was the shooter. In addition, appellant himself testified, admitting that he had shot Dean but claiming to have done so in self-defense, believing that Dean was reaching for a gun under the seat of the car. However, no gun was recovered from the scene, and one eyewitness testified that Dean had his hands up just before the shots were fired.

1. Though appellant has not enumerated the general grounds, we find that the evidence was sufficient to enable a rational trier of

---

[1] The crimes took place in the early morning hours of September 8, 2002. On November 5, 2002, appellant was indicted by the Bulloch County grand jury on charges of malice murder, felony murder, possession of a firearm during the commission of the crime of murder, and possession of a firearm within a school safety zone. At the close of a jury trial conducted on October 8-9, 2003, appellant was found guilty on all counts and sentenced to life imprisonment for the malice murder; a concurrent ten-year sentence for possession of a firearm within a school safety zone; and a consecutive five-year sentence for possession of a firearm during the commission of murder. The felony murder conviction was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Following the denial of his timely filed motion for new trial, as amended, on November 13, 2008, appellant filed a timely notice of appeal. The appeal was docketed in this Court on January 9, 2009 and was thereafter submitted for decision on the briefs.

fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims the trial court erroneously allowed State's witness Vito Chapman, a friend of appellant who witnessed the shooting, to testify that Brandon Goss, another State's witness, told him immediately before the shooting that he had just seen appellant get a gun from the car in which appellant was a passenger that night.[2] Admission of this hearsay, appellant asserts, violated his Sixth Amendment right to confrontation as articulated under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). However, given that the statement was not testimonial in nature, its admission did not violate *Crawford*. See *Lindsey v. State*, 282 Ga. 447, 452 (4) (651 SE2d 66) (2007) (statement is testimonial if made with involvement of government officers in production of testimonial evidence). Moreover, given that Goss' statement was cumulative of other admissible evidence that appellant had a gun at the time of the shooting — most significantly, appellant's own testimony that he was in fact the shooter — admission of Goss' statement, even if erroneous, was clearly harmless. See *Watson v. State*, 278 Ga. 763 (2) (b) (604 SE2d 804) (2004).

3. Appellant also challenges the trial court's admission at trial of testimony from witness Steve Demchik, who testified about a prior fight in which he had engaged with appellant at the same nightclub in 2001. Though he contends this "similar transaction" evidence was improperly admitted without notice and a hearing as prescribed in Uniform Superior Court Rules 31.1 and 31.3, it is undisputed that appellant did not object to this testimony at trial. This issue, therefore, has been waived. *Robinson v. State*, 283 Ga. 546 (661 SE2d 538) (2008).

4. Appellant next contends that the prosecutor improperly made "a thinly disguised commentary raising the specter of gang activity" during closing argument. However, as he failed to raise a contemporaneous objection, he has waived this issue as well. *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999).

5. Appellant challenges the trial court's jury instruction on reasonable doubt. Following its charge on the presumption of innocence, the trial court instructed:

[T]he State is not required to prove the defendant guilty

---

[2] The statement was offered and admitted to impeach witness Goss' prior testimony that he had never witnessed appellant retrieve anything from the car after the concert. See OCGA § 24-9-81.

beyond all doubt or to a mathematical certainty. A reasonable doubt means just what it says. It is not an imaginary, fanciful, or arbitrary doubt. *It is not a best possibility of doubts*. It is the doubt of a fair minded, impartial juror honestly seeking the truth. It may arise from the evidence, from a lack of evidence, from a conflict in the evidence, or from the defendant's testimony.

(Emphasis supplied.) Appellant contends that this charge, particularly its use of the italicized phrase and its emphasis on what does *not* constitute reasonable doubt rather than what does, effectively lowered the State's burden of proof in violation of his due process rights.

As we have affirmed,

[t]he correct inquiry to determine whether a trial court's instruction on the State's burden of proof allowed a finding of guilt based on a degree of proof below that required by the due process clause is whether there is a "reasonable likelihood" that the jury applied the instruction in a constitutionally impermissible manner. [Cit.]

*Coleman v. State*, 271 Ga. 800, 804 (8) (523 SE2d 852) (1999). Viewing the charge as a whole, as we are bound to do, see *Spearman v. State*, 267 Ga. 600 (5) (481 SE2d 814) (1997), we conclude that it is not reasonably likely that the jury misapprehended the State's burden of proof. The language of the charge, excluding the italicized portion, either matches verbatim or is virtually synonymous with the pattern jury instruction as to reasonable doubt.[3] As to the "best possibility of doubts" language, we do not find, when read in the context of the full charge, that it could be construed as prescribing a lower burden of proof than is required. Compare *Coleman*, supra at 804-805 (8) (expressly disapproving future use of phrase stating that reasonable doubt does not mean "a possibility that the defendant

---

[3] The relevant language of the pattern instruction then in effect read:
[T]he State is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty. A reasonable doubt means just what it says. A reasonable doubt is a doubt of a fair-minded, impartial juror honestly seeking the truth. A reasonable doubt is a doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt but is a doubt for which a reason can be given, arising from a consideration of the evidence, a lack of evidence, or a conflict in the evidence.

After giving consideration to all of the facts and circumstances of this case, if your minds are wavering, unsettled, or unsatisfied, then that is a doubt of the law, and you should acquit the defendant.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.20.10 (3d ed.). This language is identical to that in the current pattern charge. Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.20.10 (4th ed.).

may be innocent"). Therefore, we find no merit in this enumeration of error.

However, we take this opportunity to reiterate our view expressed in *Coleman*, supra, 271 Ga. at 805 (8), that

> [w]hen a legal issue involves such well-established principles as the definition of reasonable doubt, there are few, if any, circumstances which would justify a trial court's failure to use the suggested pattern criminal charges compiled by the Council of Superior Court Judges of Georgia.

Id. Any time extraneous statements are added to the pattern charge on a concept as fundamental as reasonable doubt, trial courts run the risk of sabotaging the entire trial. The risk is particularly acute where the charge on reasonable doubt is involved, given that error therein may be deemed structural error requiring automatic reversal. See *Sullivan v. Louisiana*, 508 U. S. 275 (III) (113 SC 2078, 124 LE2d 182) (1993). Thus, we again urge trial courts in the future to hew closely to the pattern instruction on reasonable doubt.

6. Though appellant challenges the propriety of the trial court's jury instruction on prior difficulties, appellant actually requested that very charge. Thus, any alleged error was induced and is not a valid ground for appeal. *Scott v. State*, 274 Ga. 476 (5) (554 SE2d 488) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Peter D. Johnson*, for appellant.
*Richard A. Mallard, District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.