302 Ga. 806
FINAL COPY

S17A1588. WHITE v. THE STATE.

BOGGS, Justice.

Appellant Tracey Bernard White was tried before a jury and found guilty of malice murder, felony murder, and possession of a firearm during the commission of a crime in connection with the shooting death of Larry Miller.[1] He now appeals, asserting error in the trial court's jury instruction on reasonable doubt, and claiming that he was deprived of his constitutional right to be effectively present at trial. For the following reasons, we affirm.

1. Viewed in the light most favorable to the verdict, the evidence showed

---

[1] The crimes occurred on August 16, 2003. On November 3, 2003, an Upson County grand jury indicted White on charges of malice murder, felony murder, and possession of a firearm during the commission of a crime. Following a March 2004 jury trial, White was found guilty on all counts. He was sentenced to life in prison plus five years. Although the trial court purported to merge felony murder into the malice murder conviction, the former was actually vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993).White's motion for new trial was filed on April 23, 2004, amended by new counsel on September 29, 2005, amended by a third counsel on December 30, 2014 and February 5, 2015, and denied on May 18, 2015. His notice of appeal was filed on June 8, 2015. This case was docketed in this Court for the August 2017 term and orally argued on September 18, 2017.

that White suffered a bloody and swollen lip when the victim and another man "jumped on [him]" at a club one night. Witnesses testified that when they saw White hours later, he was angry and told them he was "going to get them." The next day, White went to confront the victim. When he found the victim, the two argued for a few moments, then White pulled out a gun and shot the victim as the victim started to run away. As White walked away from the scene, a bystander heard him say, "I told y'all I was going to get y'all one by one." The bullet struck the victim in the back, killing him. White turned himself in later the same day.

White testified at trial that he shot the victim because he was scared and angry when, upon confronting him, the victim told White that he was going to "finish him off" and "reached in his pants like he had something." The State presented evidence that some years earlier, White shot another man in the back when the man refused to give him his money back after White lost a poker game.

White does not challenge the sufficiency of the evidence to sustain his conviction. Nevertheless, as is this Court's practice in murder cases, we have reviewed the evidence summarized above and conclude that it was sufficient to

authorize a rational jury to find him guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. White contends that he was deprived of the right to a fair trial because the trial court, in instructing the jury, defined reasonable doubt as not meaning the possibility that the defendant may be innocent. White is correct that the language used by the trial court here was disapproved in Coleman v. State, 271 Ga. 800, 804-805 (8) (523 SE2d 852) (1999). However, reversal is not required if, when viewing the charge as a whole, the State's burden of proof is adequately defined. Anderson v. State, 286 Ga. 57, 59 (5) (685 SE2d 716) (2009). Here, the court instructed the jury on White's presumption of innocence, that White had no burden of proof, and that the burden of proof rested with the State to prove the allegations and elements of the crime beyond a reasonable doubt. Moreover, the instructions did not go out with the jury, and although the jurors requested further instruction on the elements of some of the crimes charged, they posed no questions with regard to the State's burden of proof. We therefore conclude that, viewing the charge as a whole, the jury instruction did not mislead the jury as to the standard of proof required by due process. Mangum v. State, 274 Ga. 573,

3

577 (3) (a) (555 SE2d 451) (2001).

3. White argues that he was deprived of his constitutional right to be effectively present at trial because he was unable to hear due to the poor acoustics in the courtroom. "Violations of this due process right are presumed prejudicial, and, absent a waiver by the defendant, require a new trial." (Citation omitted.) Brewner v. State, 302 Ga. 6, 9 (II) (804 SE2d 94) (2017).

Just prior to the start of trial, following a hearing on a motion, the following colloquy took place between the court and White's counsel:

> [TRIAL COUNSEL]: Your Honor, may I have my client seated with my assistant?
> THE COURT: I can't hear you.
> [TRIAL COUNSEL]: May I have my client, who is seated over there, move with my assistant so he can hear also?
> THE COURT: I'm sorry?
> [TRIAL COUNSEL]: May I have my client seated with my assistant so he —
> THE COURT: No. No. I'll let you and your assistant move anywhere you want but I'm not going to let the defendant move.

White asserts that this request by his counsel was an implied motion for remedial action that the court refused. He also points to instances in the record where someone complained that they could not hear or where witnesses were asked to speak more clearly and loudly.

4

Although at the hearing on the motion for new trial White claimed that he had trouble hearing during the proceedings, at no time did he object at trial or move for a mistrial on that ground. As the Court of Appeals has held specifically with regard to a complaint concerning unacceptable acoustics in the courtroom, a defendant must make an objection at trial.[2] See Jones v. State, 190 Ga. App. 416, 418 (3) (b) (379 SE2d 189) (1989); see also Burney v. State, 299 Ga. 813, 821 (3) (792 SE2d 354) (2016) (where defendant failed to ask to see juror notes or complain to counsel, he acquiesced in court's handling of notes); Hanifa v. State, 269 Ga. 797, 807-808 (6) (505 SE2d 731) (1998) (defendant waived right to appellate review by failing to voice objection after being informed of trial court's visit with jury outside of her presence).

Moreover, White has not shown that he was deprived of his right to be present due to an inability to hear. In each instance White points to where a witness or counsel was asked to speak louder or repeat a question or answer,

[2] White concedes in a reply brief that he "formally raised the issue for the first time at his motion for new trial hearing." White's counsel was deceased at the time of the hearing on the motion for new trial. When another attorney at counsel table was asked during the hearing if trial counsel's failure to object or move for a mistrial was strategic, he responded that he "would not know that part."

they did so. In some of those instances it appears that the problem was not that the speaker could not be heard, but that the speaker's question or answer was not understood. Although both assistant counsel for the State and an attorney at counsel table testified at the hearing on the motion for new trial that the acoustics in the courtroom were poor and it was difficult to hear, White has pointed to no portion of the trial he missed because he was unable to hear. When asked during the hearing on the motion for new trial at what point he told trial counsel that he could not hear, White referred only to an instance prior to the start of trial, and explained that it prompted trial counsel's request that he be allowed to move. Although he asserted he still could not hear after the court refused to allow him to move, he was not asked and did not explain whether at any time after that he informed counsel that he was unable to hear.

On the record here, White has failed to show that he was deprived of his constitutional right to be effectively present.

Judgment affirmed. All the Justices concur.

Decided January 29, 2018.

Murder. Upson Superior Court. Before Judge Sams.

Ivars Lacis, for appellant.

Benjamin D. Coker, District Attorney, Marie G. Broder, Brittany A. Fallin, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.